STANDARD

# United States District Court
# Eastern District of Pennsylvania (Philadelphia)
# CIVIL DOCKET FOR CASE #: 2:06-cv-03413-JG
## Internal Use Only

TULLY v. COLLICK
Assigned to: HONORABLE JAMES T. GILES
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 08/02/2006
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**FRANCIS TULLY**

06 581

```
FILED
SEP 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

represented by **FRANK J. MARCONE**
LAW OFFICES OF FRANK J.
MARCONE
2530 NORTH PROVIDENCE ROAD
UPPER PROVIDENCE, PA 19063
610-595-1441
Fax: 610-595-1448
Email: frankmarcone@comcast.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ANTHONY COLLICK**

represented by **ROBERT J. FOSTER**
REGER RIZZO KAVULICH &
DARNALL, LLP
CIRA CENTRE 13TH FL
2929 ARCH ST.
PHILADELPHIA, PA 19104-2899
215-495-6500
Email: rfoster@regrizlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/02/2006 | 1 | COMPLAINT against ANTHONY COLLICK ( Filing fee $ 350 receipt number 931187.), filed by FRANCIS TULLY.(tj, ) (Entered: 08/03/2006) |
| 08/02/2006 |  | Summons Issued; 1 Mailed to counsel 8/3/06 as to ANTHONY COLLICK. (tj, ) (Entered: 08/03/2006) |

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 9-14-06
ATTEST:
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| 08/02/2006 | ◑ | DEMAND for Trial by Jury by FRANCIS TULLY. (tj, ) (Entered: 08/03/2006) |
|---|---|---|
| 08/02/2006 | | Standard Case Management Track (tj, ) (Entered: 08/03/2006) |
| 08/21/2006 | ◑2 | NOTICE of Appearance by ROBERT J. FOSTER on behalf of ANTHONY COLLICK with Certificate of Service (FOSTER, ROBERT) (Entered: 08/21/2006) |
| 08/22/2006 | ◑3 | MOTION to Dismiss *or for Transfer of Venue* filed by ANTHONY COLLICK.. (Attachments: # 1 Text of Proposed Order)(FOSTER, ROBERT) (Entered: 08/22/2006) |
| 09/13/2006 | ◑4 | ORDER THAT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE FOR TRANSFER OF VENUE IS GRANTED, THE COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANT, ALL NECESSARY EVIDENCE TO PROVE CLAIM OR TO ALLOW DEFENSE TO PLAINTIFF'S CLAIMS IS LOCATED IN THE STATE OF DELAWARE. SIGNED BY JUDGE JAMES T. GILES ON 9/11/06.9/13/06 ENTERED AND COPIES MAILED AND FAXED. (afm, ) (Entered: 09/13/2006) |
| 09/13/2006 | ◑ | Original record together with certified copy of docket entries forwarded to The United States District Court for the District of Delaware. (jpd) (Entered: 09/14/2006) |
| 09/13/2006 | | ***Deadlines terminated., ***Documents terminated. (jpd) (Entered: 09/14/2006) |

## JTG

Frank J. Marcone, Esquire
2530 N. Providence Road
Media, Pennsylvania 19063

06 581

Att. ID# 8967
Tel. 484 442 8305
Fax 484 442 8306

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

FRANCIS TULLY
3131 MEETINGHOUSE ROAD
APT A 7
MARCUS HOOK, PENNSYLVANIA 19061
    Plaintiff

AUG - 2 2006

Mic.

Dep. Clerk

No. 06 -3413

vs.

ANTHONY COLLICK
928 CLAYTON STREET
NEW CASTLE, DELAWARE 19720
    Defendant

:
:
:
:
:
:
:
:
:
:
:

06 581

Jury trial

**FILED**

SEP 15 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### COMPLAINT

Francis Tully, by his attorney, Frank J. Marcone, Esquire, files this
Complaint averring negligence and an injury resulting therefrom and in
support of his Complaint he avers the following:

1. Jurisdiction of the Court is based upon the provisions of 28 U.S.C.A §
1332 wherein diversity of citizenship is averred.

2. Francis Tully is an individual who resides within the Commonwealth of
Pennsylvania and more specifically at 3131 MEETINGHOUSE ROAD :
APT A 7, MARCUS HOOK, PENNSYLVANIA 19061. He is the Plaintiff herein.

3. Anthony Collick is an individual who resides in the State of Delaware and more

1

specifically at 928 Clayton Street, New Castle Delaware. 19720.

4. On or about the fifth day of August , 2004, the Plaintiff was at the home of the
Defendant, 928 Clayton Street, New Castle, Delaware where he had been invited
for the purposes of providing replacement windows for the structure owned and
occupied by the Defendant.

5. The time was about 7:00 P.M. and the Plaintiff approached the home and rang
the doorbell. The Defendant appeared and after a short discussion occurring with
the Plaintiff outside and the Defendant, inside the residence, the Plaintiff retreated to
his vehicle for the purposes of recovering his replacement window samples.

6. The Plaintiff thereupon returned to the residence and attempted to gain entrance
there. As he was mounting the steps which form the front entrance to the residence,
the Plaintiff was caused to fall and gash his left shin or leg causing a serious wound
which bled profusely.

7. The fall was the result of a condition which the Defendant had permitted to exist
and consisted of a set of steps forming the entryway into the home when said steps
were uneven, were out of code and the risers were not those which were required by
code. The Plaintiff fell while attempting to climb the entry way stairs carrying his
sample bags and no one opened the outside door for him contributing to his inability
to safely negotiate the stairs.

8. Immediately following the fall, the Plaintiff suffered a massive hemorrhaging of
his leg and he was able to get back to his car where he had a large clean white
towel. He was able to wrap the injury temporarily.

9. The Defendant, recognizing the severity of the laceration and loss of surface

2

skin, immediately summoned 911 which resulted in the arrival of an ambulance.

10. The Defendant thereafter was rushed to Christiana Hospital where he was admitted to the Emergency Room and eventually was sutured. He believes he had approximately 12 sutures and he was then released in the early morning hours of the following day.

11. When the above described incident occurred, the Plaintiff was and remains suffering from Diabetes and the wound resisted conservative efforts to heal. He was given continuous treatment and during the treatment was instructed that he could not continue his employment.

12. As a result of the injury and the medical care required to bring the wound to a state that was acceptable resulted in medical costs in excess of $7,500.00.

13. That the Plaintiff was completely disabled and his loss of earnings exceeded $45,000.00 and is continuing.

## COUNT ONE
## PAIN AND SUFFERING

14. The Plaintiff incorporates by reference all the above averments in paragraphs one through thirteen and continues as follows:

15. As a result of the injury described herein the Plaintiff suffered extraordinary pain and disability. He was unable to attend to his personal needs and required nursing and continued medical treatment to attend to the severity of the wound.

16. As a result of the injury described herein, the Plaintiff suffered both physical and

3

mental pain and suffering from the time of the injury to the present time and he expects to suffer the affects of said injury long into the future.

17. The physical pain and suffering was a direct result of the negligence of the Defendant, Anthony Collick.

18. The Plaintiff has also suffered from the disability resulting from the negligence of the Defendant and said disability has resulted in a claim for pain and suffering.

**WHEREFORE,** the Plaintiff prays the Court to enter a Judgement in his favor and against the Defendant, Anthony Collick in an amount in excess of $100,000 on Count Once.

## COUNT TWO
## LOSS OF EARNINGS AND
## MEDICAL EXPENSES

19. The Plaintiff incorporates by reference all the averments contained in Paragraphs one through 18 and continues as follows:

20. As a result of the negligence of the Defendant, the Plaintiff has been caused to be unemployed and to expend various sums for medical expenses.

21. The loss of earnings and medical expenses were the direct and proximate result of the negligence of the Defendant.

22. As a result of the negligence of the Defendant, the Plaintiff has thus far been caused to expend in excess of $47,000 in loss of earnings and medical expenses

4

**WHEREFORE**, the Plaintiff prays the Court enter a judgment against the Defendant and in favor of the Plaintiff in an amount in excess of $50,000 on Count Two.

<div style="margin-left:40%;">

Respectfully submitted,

Frank J. Marcone, Esquire
Attorney for the Plaintiff
Francis Tully

</div>

July 30, 2006

≈JS 44 (Rev. 11/04)

**CIVIL COVER SHEET**    06 -3413 APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)   PLAINTIFFS**

Francis Tully

**DEFENDANTS**

Anthony Collick

**(b)** County of Residence of First Listed Plaintiff   Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   State of Del
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Frank J. Marcone
2530 N. Providence Rd. Media Pa

Attorneys (If Known)

**II.  BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V.  ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USCA § 1332

Brief description of cause:
Plt. business visitor fell at Deft's house.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   None
(See instructions):   JUDGE
DOCKET NUMBER   AUG 0 2 2006

DATE   Aug 2, 2006

SIGNATURE OF ATTORNEY OF RECORD

FILED

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE   SEP 15 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES DISTRICT COURT   **06 - 3413**   APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3131 *Nottingham Road, Apt A-7, Marcus Hook Pa 19061*

Address of Defendant: *928 Clayton Street, New Castle Del.*

Place of Accident, Incident or Transaction: *928 Clayton Street, New Castle Delaware*
_____ Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___      Yes☐   No☑

Does this case involve multidistrict litigation possibilities?      Yes☐   No☑

*RELATED CASE, IF ANY:* *None*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)
    *fall down while on business*

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, *Frank J. Mancone* , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: *Aug 2, 2006*    _____     *8967*
                        Attorney-at-Law            Attorney I.D.#      **AUG 0 2 2006**

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *Aug 2, 2006*    _____     *8967*
                        Attorney-at-Law            Attorney I.D.#

CIV. 609 (4/03)

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
**US COURTHOUSE**
**601 MARKET STREET**
**PHILADELPHIA, PA 19106-1797**

MICHAEL E. KUNZ
CLERK OF COURT

**August 22, 2006**

CLERK'S OFFICE
ROOM 2609
TELEPHONE
(215) 597-7704

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
J. CALEB BOGGS FEDERAL BUILDING
844 KING STREET, LOCKBOX 18
WILMINGTON, DE 19801-3570
**ATTN: Peter T. Dalleo , Clerk**



06 581

FILED

SEP 15 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## RE: TULLY  v.  COLLICK.
## 06-CV-3413

**Dear Clerk:**

We herewith enclose the original record which has been transferred to you pursuant to Order of this Court dated 9/13/06. Kindly acknowledge receipt on the copy of the letter provided. Please feel free to contact me if you have any questions at 267-299-7003.

Very truly yours,

MICHAEL E. KUNZ
Clerk of Court

By
James Deitz, Deputy Clerk

cc: File

Received above material or record file this     day of,

Signature: _____

Date: _____

civ625.frm



06-1001

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS TULLY            :        CIVIL ACTION NO.: 06-cv-3413 JTG
                **Plaintiff**   :
                         :                           0 6 - 5 8 1
        v.               :
                         :        **FILED**
ANTHONY COLLICK          :
                **Defendant**   :        SEP 1 5 2006
                         :
                                  U.S. DISTRICT COURT
                                  DISTRICT OF DELAWARE

## ENTRY OF APPEARANCE

TO THE CLERK OF COURT:

Kindly enter our appearance on behalf of Defendant, Anthony Collick, regarding the

above-captioned matter.

### REGER RIZZO KAVULICH & DARNALL LLP

_____        By:_____

Date                               Robert J. Foster, Esquire
                                   David A. DuBois, Esquire
                                   Cira Centre, 13th Floor
                                   2929 Arch Street
                                   Philadelphia, PA 19104-2899
                                   (215) 495-6500

                                   Attorneys for Defendant,
                                   Anthony Collick

06-1001

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| FRANCIS TULLY | | : | CIVIL ACTION NO.: 06-cv-3413 JTG |
|---|---|---|---|
| | **Plaintiff** | : | |
| | | : | |
| v. | | : | |
| | | : | |
| ANTHONY COLLICK | | : | |
| | **Defendant** | : | |
| | | : | |

### CERTIFICATE OF SERVICE

I, ROBERT J. FOSTER, ESQUIRE, Esquire, attorney for Defendant, Anthony Collick,

hereby certify that a copy of my Entry of Appearance was served on August 21, 2006, by First

Class Mail, postage prepaid, upon the following:

Frank J. Marcone, Esquire
2530 N. Providence Road
Media, Pennsylvania 19063

### REGER RIZZO KAVULICH & DARNALL LLP

By:_____

Date

Robert J. Foster, Esquire
Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA 19104-2899
(215) 495-6500

Attorney for Defendant,
Anthony Collick

0 6 ⸱5 8 1 ⸱

③

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS TULLY
            Plaintiff

v.

ANTHONY COLLICK
            Defendant

:   CIVIL ACTION
:
:   NO.: 06-CV-3413 JTG
:
:
:
:
:
:

0 6 ⸱5 8 1 ⸱

**FILED**

SEP 15 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

ᏚᏟᴀᴺᴺᴇᵈ

## MOTION OF DEFENDANT , ANTHONY COLLICK, TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE FOR TRANSFER OF VENUE

Defendant, Anthony Collick ("Collick"), hereby moves the Court pursuant to Federal

Rule of Civil Procedure 12(b)(2) for an Order dismissing the action with prejudice, or in the

alternative, for an Order pursuant to Federal Rule of Civil Procedure 12(b)(3) transferring the

action to the United States Court for the District of Delaware.

The grounds for this Motion are set forth in the attached Memorandum of Law, which is

incorporated herein.

Date: August 22, 2006           REGER RIZZO KAVULICH & DARNALL LLP

                        By:   /s/ Robert J. Foster, Esquire
                              Robert J. Foster, Esquire
                              David A. DuBois, Esquire
                              Cira Centre, 13th Floor, 2929 Arch Street
                              Philadelphia, PA 19104
                              Attorneys for Defendant,
                              Anthony Collick

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| FRANCIS TULLY | | : | CIVIL ACTION |
| | Plaintiff | : | |
| | | : | NO.: 06-CV-3413 JTG |
| | | : | |
| v. | | : | |
| | | : | |
| | | : | |
| ANTHONY COLLICK | | : | |
| | Defendant | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT , ANTHONY COLLICK, TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE FOR TRANSFER OF VENUE

### I.    INTRODUCTION

Plaintiff's Complaint seeks damages for personal injuries sustained by Francis Tully while at the residence of Defendant in New Castle, Delaware. The Complaint fails to allege facts to support Plaintiff's claim that this Honorable Court has personal jurisdiction over Defendant, Anthony Collick ("Collick"). Therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P 12(b)(2) for lack of personal jurisdiction over the defendant. Should the Plaintiff show that this Court has personal jurisdiction over the Defendant, then the action should be transferred pursuant to Fed. R. Civ. P. 12(b)(3) to the United States Court for the District of Delaware, where venue would be proper.

## II.   STATEMENT OF FACTS

Plaintiff Francis Tully is a resident of the Commonwealth of Pennsylvania. (Compl., ¶ 2).

A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A". Defendant

Anthony Collick is a resident of the State of Delaware. (Compl., ¶ 3). On or about August 5,

2004, Francis Tully traveled to Collick's resident in New Castle, Delaware, for the purpose of

providing an estimate for replacement windows for Collick's home. At the time, Fracis Tully was

employed by Sears Roebuck & Company. *See* "Letter of June 19, 2006", a true and correct copy

of which is attached hereto as Exhibit "B". The plaintiff was injured while entering the property,

resulting in this claim. The Complaint provides no other information regarding Defendant's

contact with the Commonwealth of Pennsylvania.

## III.   ARGUMENT

### A.   Plaintiff's Complaint Must be Dismissed Pursuant to Rule 12(b)(2) Because this Court does not have Personal Jurisdiction over the Defendant.

In reviewing a motion to dismiss under Rule 12(b)(2), all of the allegations presented by

the plaintiff must be accepted as true, and all disputed facts must be construed in favor of the

plaintiff. *See Feldman v. Bally's Park Place, Inc.,* 2006 U.S. Dist. LEXIS 37172, *4 (E.D. Pa.

2006). However, once a jurisdictional defense has been properly raised, "the plaintiff bears the

burden of proving, either by sworn affidavits or other competent evidence, sufficient contacts

with the forum state to establish personal jurisdiction". *Id.; citing North Penn Gas Co. v.

Corning Natural Gas Corp.,* 897 F.2d 687, 689 (3d. Cir. 1990)(per curiam).

Tully cannot establish that this Court has personal jurisdiction over Collick. The accident

happened in Defendant's home in Delaware. Tully has failed to allege the existence of any

contacts between Collick and Pennsylvania. Accordingly, Tully's claim should be dismissed due
to lack of personal jurisdiction over Defendant.

Under the Federal Rules of Civil Procedure, the district courts may exercise personal
jurisdiction over non-residents to the extent permitted by the law of the state in which the district
court sits. *See Fed. R. Civ.Pro. 4(e).* In Pennsylvania, "the jurisdiction of the tribunals of this
Commonwealth shall extend to all persons...to the fullest extent allowed under the Constitution
of the United States and may be based on the most minimum contact with this Commonwealth
allowed under the Constitution of the United States". 42 Pa.C.S.A. §5322(b); *Van Buskirk v.
Carey Canadian Mines, Ltd.,* 760 F.2d 481, 489-90 (3d. Cir. 1985). Pennsylvania law is thus co-
existent with the due process clause of the Fourteenth Amendment to the United States
Constitution. *See North Penn Gas,* 897 F.2d at 690. The due process clause permits the court to
assert personal jurisdiction over a nonresident defendant who has 'certain minimum contacts
with [the forum] such that the maintenance of [a] suit does not offend traditional notions of fair
play and substantial justice.". *Feldman v. Bally's Park Place,* 2006 U.S. Dist. LEXIS 37172 at
*5, *quoting Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945).

Personal jurisdiction may be either specific or general. "Specific jurisdiction is invoked
when the cause of action arises from the defendant's forum related activities. To establish
specific jurisdiction a plaintiff must show that the defendant has minimum contacts with the state
'such that [the defendant] should reasonably anticipate being haled into court there.' " *North
Penn Gas Co. v. Corning Natural Gas Corp.,* 897 F.2d 687, 690 (3d. Cir. 1990) (per curiam),
*quoting World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). General
jurisdiction, by contract, is implicated when the cause of action arises from the defendant' non-
forum related activities. *See Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408,

414 n.9 (1984). To establish general jurisdiction, a plaintiff must show that the defendant

maintained "continuous and substantial" connection with the forum state. *Id.*

Tully has set forth no allegations that Collick maintained any connection with

Pennsylvania whatsoever, let alone a "continuous and substantial" connection that would give

this Court general jurisdiction over Collick. Tully has not averred the existence of any activity

directed from Defendant to the Commonwealth of Pennsylvania.

Specific jurisdiction is also non-existent. All interactions between the individual parties

occurred at Defendant's home in New Castle, Delaware. Plaintiff's injury was sustained in

Delaware. The injuries sustained by Plaintiff resulted from a dangerous condition existing in

Delaware. No facts have been pleaded which would support a conclusion that Defendant availed

himself in any manner of the benefits and protections of Pennsylvania law, and therefore could

have anticipated being haled into court in Pennsylvania. As Plaintiff has failed to put forth any

evidence which establishes contact between Defendant and the Commonwealth of Pennsylvania,

it cannot be found that this Honorable Court retains personal jurisdiction over Defendant.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(2), Plaintiff's Complaint must be

dismissed for lack of personal jurisdiction,.

## B.    Alternatively, Defendant Moves for a Transfer of the Case to the United States District Court for the District of Delaware, as Venue is Improper in Pennsylvania.

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move for dismissal of an

action for improper venue. In reviewing a motion to dismiss for improper venue, the court must

accept all of the plaintiff's well-pleaded factual allegations as true, and any factual disputes must

be resolved in favor of the plaintiff. *See Dobrick-Peirce v. Open Options, Inc., et al.,* 2006 U.S.

Dist. LEXIS 50874, at *13 (W.D. Pa. 2006); *CQ, Inc. v. TXU Mining Co., L.P.*, 2006 U.S. Dist.

LEXIS 4258 (W.D. Pa. 2006). "In other words, to prevail on a motion to dismiss for improper

venue the defendant must present facts that sufficiently defeat the plaintiff's assertion of venue".

*Dobrick Peirce,* 2006 U.S. Dist LEXIS 50874, *supra*, at * 13.

> Venue may be properly laid in:
>
> "(1) a judicial district where any defendant resides, if all defendants reside in the same
> State, (2) a judicial district in which a substantial part of the events or omissions
> occurred, or a substantial part of property that is the subject of the action is situated, or (3)
> a judicial district in which any defendant may be found, if there is no district in which the
> action may otherwise be brought".

28 U.S.C. § 1391(b); *see also Dobrick Peirce,* 2006 U.S. Dist LEXIS 50874, *supra*, at * 15.

However, Plaintiff has failed to allege any facts that support the placement of venue in

Pennsylvania under any of the aforementioned considerations.

It is undisputed that Defendant does not reside in the Commonwealth of Pennsylvania.

Rather, Defendant resides in Delaware. Additionally, the events giving rise to Plaintiff's action,

to wit, the fall on the steps leading to Defendant's home, occurred in Delaware. Finally, Plaintiff

has failed to allege that Defendant may be found within Pennsylvania. Venue is only proper

within the District of Delaware, where Defendant resides and where the acts giving rise to

Plaintiff's cause of action occurred. Accordingly, should the Court have personal jurisdiction

over Defendant, pursuant to Federal Rule of Civil Procedure 12(b)(3) the action must be

transferred to the United States District Court for the District of Delaware.

## IV.    CONCLUSION

For the foregoing reasons, Defendant, Anthony Collick, respectfully requests that this

Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice pursuant to

Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. Alternatively,

Defendant respectfully requests this Honorable Court to enter an Order transferring the action to

the United States District Court for the District of Delaware, pursuant to Federal Rule of Civil

Procedure 12(b)(3).

Respectfully submitted,

REGER RIZZO KAVULICH & DARNALL LLP

Date:    August 22, 2006           By:    /s/ Robert J. Foster, Esquire
                                          Robert J. Foster, Esquire
                                          David A. DuBois, Esquire
                                          Cira Centre, 13th Floor, 2929 Arch Street
                                          Philadelphia, PA 19104
                                          Attorneys for Defendant,
                                          Anthony Collick

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS TULLY | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO.: 06-CV-3413 JTG |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY COLLICK | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, ROBERT J. FOSTER, ESQUIRE, hereby certify that a true and correct copy of the

foregoing Motion to Dismiss Plaintiff's Complaint, or in the alternative, for Transfer of Venue,

of Defendant, Anthony Collick, was mailed via first-class United States mail, postage prepaid, to

the following:

Frank J. Marcone, Esquire
2530 N. Providence Road
Media, PA 19063

REGER RIZZO KAVULICH & DARNALL LLP

August 22, 2006          By:  /s/ Robert J. Foster, Esquire
                              Robert J. Foster, Esquire
                              David A. DuBois, Esquire
                              Cira Centre, 13th Floor, 2929 Arch Street
                              Philadelphia, PA 19104
                              Attorneys for Defendant,
                              Anthony Collick

EXHIBIT "A"

Case 1:06-cv-00581-GMS   Document 4-6   Filed 09/15/2006   Page 10 of 16
AUG-08-2006 TUE 07:33 AM DE TRANSIT CORP
Case 2:06-cv-03413-JG   Document 3-1   Filed 08/22/2006   Page 10 of 16   FAX NO. 392 577 2022   P. 04



Frank J. Marcone, Esquire
2530 N. Providence Road
Media, Pennsylvania 19063

Att. ID# 8967
Tel. 484 442 8305
Fax 484 442 8306

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS TULLY | : | |
| 3131 MEETINGHOUSE ROAD | : | |
| APT A 7 | : | |
| MARCUS HOOK, PENNSYLVANIA 19061 | : | No. |
| Plaintiff | : | **06 -3413** |
| | : | |
| vs. | : | |
| | : | |
| ANTHONY COLLICK | : | |
| 928 CLAYTON STREET | : | |
| NEW CASTLE, DELAWARE 19720 | : | Jury trial |
| Defendant | : | |
| | : | |

## COMPLAINT

Francis Tully, by his attorney, Frank J. Marcone, Esquire, files this
Complaint averring negligence and an injury resulting therefrom and in
support of his Complaint he avers the following:

1. Jurisdiction of the Court is based upon the provisions of 28 U.S.C.A §
1332 wherein diversity of citizenship is averred.

2. Francis Tully is an individual who resides within the Commonwealth of
Pennsylvania and more specifically at 3131 MEETINGHOUSE ROAD   :
APT A 7, MARCUS HOOK, PENNSYLVANIA 19061. He is the Plaintiff herein.

3. Anthony Collick is an individual who resides in the State of Delaware and more

1

specifically at 928 Clayton Street, New Castle Delaware. 19720.

4. On or about the fifth day of August , 2004, the Plaintiff was at the home of the Defendant, 928 Clayton Street, New Castle, Delaware where he had been invited for the purposes of providing replacement windows for the structure owned and occupied by the Defendant.

5. The time was about 7:00 P.M. and the Plaintiff approached the home and rang the doorbell. The Defendant appeared and after a short discussion occurring with the Plaintiff outside and the Defendant, inside the residence, the Plaintiff retreated to his vehicle for the purposes of recovering his replacement window samples.

6. The Plaintiff thereupon returned to the residence and attempted to gain entrance there. As he was mounting the steps which form the front entrance to the residence, the Plaintiff was caused to fall and gash his left shin or leg causing a serious wound which bled profusely.

7. The fall was the result of a condition which the Defendant had permitted to exist and consisted of a set of steps forming the entryway into the home when said steps were uneven, were out of code and the risers were not those which were required by code. The Plaintiff fell while attempting to climb the entry way stairs carrying his sample bags and no one opened the outside door for him contributing to his inability to safely negotiate the stairs.

8. Immediately following the fall, the Plaintiff suffered a massive hemorrhaging of his leg and he was able to get back to his car where he had a large clean white towel. He was able to wrap the injury temporarily.

9. The Defendant, recognizing the severity of the laceration and loss of surface

2

skin, immediately summoned 911 which resulted in the arrival of an ambulance.

10. The Defendant thereafter was rushed to Christiana Hospital where he was admitted to the Emergency Room and eventually was sutured. He believes he had approximately 12 sutures and he was then released in the early morning hours of the following day.

11. When the above described incident occurred, the Plaintiff was and remains suffering from Diabetes and the wound resisted conservative efforts to heal. He was given continuous treatment and during the treatment was instructed that he could not continue his employment.

12. As a result of the injury and the medical care required to bring the wound to a state that was acceptable resulted in medical costs in excess of $7,500.00.

13. That the Plaintiff was completely disabled and his loss of earnings exceeded $45,000.00 and is continuing.

## COUNT ONE
## PAIN AND SUFFERING

14. The Plaintiff incorporates by reference all the above averments in paragraphs one through thirteen and continues as follows:

15. As a result of the injury described herein the Plaintiff suffered extraordinary pain and disability. He was unable to attend to his personal needs and required nursing and continued medical treatment to attend to the severity of the wound.

16. As a result of the injury described herein, the Plaintiff suffered both physical and

3

mental pain and suffering from the time of the injury to the present time and he expects to suffer the affects of said injury long into the future.

17. The physical pain and suffering was a direct result of the negligence of the Defendant, Anthony Collick.

18. The Plaintiff has also suffered from the disability resulting from the negligence of the Defendant and said disability has resulted in a claim for pain and suffering.

**WHEREFORE**, the Plaintiff prays the Court to enter a Judgement in his favor and against the Defendant, Anthony Collick in an amount in excess of $100,000 on Count Once.

<div align="center">

### COUNT TWO
### LOSS OF EARNINGS AND
### MEDICAL EXPENSES

</div>

19. The Plaintiff incorporates by reference all the averments contained in Paragraphs one through 18 and continues as follows:

20. As a result of the negligence of the Defendant, the Plaintiff has been caused to be unemployed and to expend various sums for medical expenses.

21. The loss of earnings and medical expenses were the direct and proximate result of the negligence of the Defendant.

22. As a result of the negligence of the Defendant, the Plaintiff has thus far been caused to expend in excess of $47,000 in loss of earnings and medical expenses

<div align="center">4</div>

Case 1:06-cv-00581-GMS     Document 4-6     Filed 09/15/2006     Page 14 of 16
AUG-08-2006 TUE 07:36 AM DE-TRANSIT CORP          FAX NO. 302-577-2027
Case 2:06-cv-03413-JG     Document 3-1     Filed 08/22/2006     Page 14 of 16    P. 09

**WHEREFORE**, the Plaintiff prays the Court enter a judgment against the Defendant and in favor of the Plaintiff in an amount in excess of $50,000 on Count Two.

Respectfully submitted,

Frank J. Marcone, Esquire
Attorney for the Plaintiff
Francis Tully

July 30, 2006

5

EXHIBIT "B"

Case 1:06-cv-00581-GMS    Document 4-6    Filed 09/15/2006    Page 16 of 16
AUG-03-2006 THU 04:05 PM BS TRANSIT CORP
Case 2:06-cv-00541-JMS  Document 3-1    Filed 08/22/2006    Page 16 of 16
FAX NO. 202 577 2027    P. 09

*Frank J. Marcone, Esquire*
*Attorney at Law*
2530 *North Providence Road, Upper Providence, Pennsylvania* 19063
484 442 8305                                              *Fax* 484 442 8306
*federal practice only*

June 19, 2006

Adam R. Elgary, Esquire
MATTLEMAN WEINROTH & MILLER
200 Continental Drive, Suite 215
Newark, Delaware 19713

re: Anthony Collick, 928 Clayton Street, New Castle, Del.
    Our client, Francis Tully,
    d/a August 5, 2004
    our file # 04-9173

Dear Mr. Elgary:

As you may recall I wrote to your client Anthony Collick and you responded by a letter dated April 25, 2005. You were kind to include a copy of the law as it applies to this case in Delaware and I informed you my client was a business invitee since your client had requested Mr. Tully, who was employed by Sears, provide your client with an estimate for work to be performed at his home.

Mr. Tully fell while attempting to enter the home and the cause of the fall was the steps which enter the home and which do not comply with the required risers.

You further informed me that your client was notifying his carrier but I have never received any contact from a company.

The anniversary date is fast approaching and I am contacting my client seeking his permission to initiate an action here in Federal Court since there is a diversity claim and further since the injuries to Mr. Tully, who is a diabetic, have been debilitating and expensive to treat. He was covered by Workman's Compensation and that company has been seeking information regarding subrogation rights.

I would appreciate hearing from you regarding why we have not heard from a carrier.

JUN 2 6 2006



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**



FRANCIS TULLY                    :

       Plaintiff,

       v.                              CIVIL NO. 06-3413

ANTHONY COLLICK,

       Defendant.                   :

ENTERED 06 581

SEP 1 3 2006
CLERK OF COURT



FILED
SEP 1 3 2006
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

06 581

AND NOW, this 11th day of September, 2006, upon consideration of Defendant's Motion

to Dismiss Plaintiff's Complaint or in the Alternative for Transfer of Venue, it is hereby

ORDERED that Defendant's Motion is GRANTED in as much as:

**FILED**
**SEP 15 2006**
**U.S. DISTRICT COURT**
**DISTRICT OF DELAWARE**

1.  The accident occurred in the State of Delaware; and

2.  The complaint alleges that the accident occurred as a result of the building code of

    the State of Delaware or of New Castle, Delaware; and

3.  Plaintiff received medical treatment at Christiana Hospital in Delaware.

Therefore, the Court concludes it has no personal jurisdiction over the Defendant and,

even if it did, all necessary evidence to prove the claim or to allow a defense to Plaintiff's claims

is located in the State of Delaware.

9/13/06

BY THE COURT:

_____
James T. Giles, J.