**JTG**

06 - 581

Frank J. Marcone, Esquire
2530 N. Providence Road
Media, Pennsylvania 19063

Att. ID# 8967
Tel. 484 442 8305
Fax 484 442 8306

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS TULLY
3131 MEETINGHOUSE ROAD
APT A 7
MARCUS HOOK, PENNSYLVANIA 19061
    Plaintiff

vs.

ANTHONY COLLICK
928 CLAYTON STREET
NEW CASTLE, DELAWARE 19720
    Defendant

FILED AUG 2 2006

No. 06 -3413

06 - 581

Jury trial

FILED SEP 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**COMPLAINT**

Francis Tully, by his attorney, Frank J. Marcone, Esquire, files this Complaint averring negligence and an injury resulting therefrom and in support of his Complaint he avers the following:

1. Jurisdiction of the Court is based upon the provisions of 28 U.S.C.A § 1332 wherein diversity of citizenship is averred.

2. Francis Tully is an individual who resides within the Commonwealth of Pennsylvania and more specifically at 3131 MEETINGHOUSE ROAD : APT A 7, MARCUS HOOK, PENNSYLVANIA 19061. He is the Plaintiff herein.

3. Anthony Collick is an individual who resides in the State of Delaware and more

specifically at 928 Clayton Street, New Castle Delaware. 19720.

4. On or about the fifth day of August , 2004, the Plaintiff was at the home of the Defendant, 928 Clayton Street, New Castle, Delaware where he had been invited for the purposes of providing replacement windows for the structure owned and occupied by the Defendant.

5. The time was about 7:00 P.M. and the Plaintiff approached the home and rang the doorbell. The Defendant appeared and after a short discussion occurring with the Plaintiff outside and the Defendant, inside the residence, the Plaintiff retreated to his vehicle for the purposes of recovering his replacement window samples.

6. The Plaintiff thereupon returned to the residence and attempted to gain entrance there. As he was mounting the steps which form the front entrance to the residence, the Plaintiff was caused to fall and gash his left shin or leg causing a serious wound which bled profusely.

7. The fall was the result of a condition which the Defendant had permitted to exist and consisted of a set of steps forming the entryway into the home when said steps were uneven, were out of code and the risers were not those which were required by code. The Plaintiff fell while attempting to climb the entry way stairs carrying his sample bags and no one opened the outside door for him contributing to his inability to safely negotiate the stairs.

8. Immediately following the fall, the Plaintiff suffered a massive hemorrhaging of his leg and he was able to get back to his car where he had a large clean white towel. He was able to wrap the injury temporarily.

9. The Defendant, recognizing the severity of the laceration and loss of surface

skin, immediately summoned 911 which resulted in the arrival of an ambulance.

10. The Defendant thereafter was rushed to Christiana Hospital where he was admitted to the Emergency Room and eventually was sutured. He believes he had approximately 12 sutures and he was then released in the early morning hours of the following day.

11. When the above described incident occurred, the Plaintiff was and remains suffering from Diabetes and the wound resisted conservative efforts to heal. He was given continuous treatment and during the treatment was instructed that he could not continue his employment.

12. As a result of the injury and the medical care required to bring the wound to a state that was acceptable resulted in medical costs in excess of $7,500.00.

13. That the Plaintiff was completely disabled and his loss of earnings exceeded $45,000.00 and is continuing.

## COUNT ONE
## PAIN AND SUFFERING

14. The Plaintiff incorporates by reference all the above averments in paragraphs one through thirteen and continues as follows:

15. As a result of the injury described herein the Plaintiff suffered extraordinary pain and disability. He was unable to attend to his personal needs and required nursing and continued medical treatment to attend to the severity of the wound.

16. As a result of the injury described herein, the Plaintiff suffered both physical and

mental pain and suffering from the time of the injury to the present time and he expects to suffer the affects of said injury long into the future.

17. The physical pain and suffering was a direct result of the negligence of the Defendant, Anthony Collick.

18. The Plaintiff has also suffered from the disability resulting from the negligence of the Defendant and said disability has resulted in a claim for pain and suffering.

**WHEREFORE,** the Plaintiff prays the Court to enter a Judgement in his favor and against the Defendant, Anthony Collick in an amount in excess of $100,000 on Count Once.

## COUNT TWO
## LOSS OF EARNINGS AND
## MEDICAL EXPENSES

19. The Plaintiff incorporates by reference all the averments contained in Paragraphs one through 18 and continues as follows:

20. As a result of the negligence of the Defendant, the Plaintiff has been caused to be unemployed and to expend various sums for medical expenses.

21. The loss of earnings and medical expenses were the direct and proximate result of the negligence of the Defendant.

22. As a result of the negligence of the Defendant, the Plaintiff has thus far been caused to expend in excess of $47,000 in loss of earnings and medical expenses

**WHEREFORE**, the Plaintiff prays the Court enter a judgment against the Defendant and in favor of the Plaintiff in an amount in excess of $50,000 on Count Two.

Respectfully submitted,

Frank J. Marcone, Esquire
Attorney for the Plaintiff
Francis Tully

July 30, 2006