IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANCIS TULLY,                          )
                                        )
                Plaintiff,              )        C.A. No.: 06-0581 (GMS)
                                        )
        v.                              )
                                        )
ANTHONY COLLICK,                        )        TRIAL BY JURY
                                        )        OF SIX DEMANDED
                Defendant.              )

**MOTION OF DEFENDANT, ANTHONY COLLICK, TO DISMISS
PLAINTIFF'S COMPLAINT DUE TO THE STATUTE OF LIMITATIONS**

1.      Introduction: Plaintiff's Complaint seeks damages for personal injuries sustained by

Francis Tully while at the residence of Defendant, Collick, who resides in New Castle County, Delaware.

The Plaintiff initially filed a suit in the United States District Court for the Eastern District of

Pennsylvania on July 30, 2006. Plaintiff's Complaint alleges that the injury occurred on August 5, 2004.

The Defendant filed a Motion in the United States District Court for the Eastern District of Pennsylvania

seeking to dismiss the Plaintiff's Complaint since that Court did not have jurisdiction over the Defendant.

An alternative relief sought by the Defendant was a transfer of venue. See copy of Defendant's Motion to

Dismiss attached hereto as Exhibit "A".

2.      In its Order dated September 11, 2006, Judge Giles of the United States District Court

for the Eastern District of Pennsylvania concluded that the Court had no personal jurisdiction over the

Defendant and ordered transfer of venue to Delaware.  See copy of Order attached as Exhibit "B".

3.      The same Complaint that Plaintiff had filed in the Eastern District of Pennsylvania was

filed in the United States District Court for the District of Delaware docket on 9/15/2006.   Exhibit "C".

4.      This is Defendant's Motion to Dismiss the Complaint. The action is time-barred under

10 *Del*. C. §8119, Delaware's two year statute of limitations for personal injury allegations. The

Delaware statute of limitations is not tolled when a Plaintiff files a law suit against the Defendant in a

Court which does not have <u>in personam</u> jurisdiction over the Defendant. This similar issue was raised in

the United States Court of Appeals for the Third Circuit in <u>Barber Young, Personal Representative of the Estate of James Young v. Clantech, Inc.</u>, 863 F.2d 300; 1988 U.S. App LEXIS 17517.

5.    In that case the United States Court of Appeals through the Third Circuit considered the same issue, only that law suit was filed in New Jersey. The Court in that matter considered the question of whether New Jersey's statute of limitations is tolled when a Plaintiff files a law suit against a Defendant in a Court which does not have <u>in personam</u> jurisdiction over the Defendant. The Appellant Court concluded that the New Jersey statute of limitations is not tolled by the filing of such a law suit. The Court reasoned that the exception contained in the doctrine of equitable remedy of tolling the statute of limitations could not be extended so far as to encompass this type of matter. The Court further reasoned that personal jurisdiction over a party was a defect that was qualitatively different from filing in a court which had personal jurisdiction over a party but lacked subject matter jurisdiction.

6.    In the case at bar the District Court for the Eastern District of Pennsylvania specifically held that they did not have personal jurisdiction over the Defendant. The alleged injury occurred on August 5, 2004. The Complaint was not filed with the U.S. District Court for the District of Delaware, which had personal jurisdiction over the Defendant, until September 13, 2006. Therefore, this claim is time-barred by the applicable two year statute of limitations for the State of Delaware.

WHEREFORE, Defendant, Anthony Collick, respectfully requests that this honorable Court enter in an Order dismissing Plaintiff's Complaint with prejudice.

RESPECTFULLY SUBMITTED,

REGER RIZZO KAVULICH & DARNALL LLP

_/s/ Cynthia G. Beam, Esquire_____
Cynthia G. Beam, Esquire
Delaware State Bar I.D. No. 2565
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611

Dated: October 30, 2006                 Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS TULLY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-0581 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY COLLICK, | ) | TRIAL BY JURY |
| | ) | OF SIX DEMANDED |
| Defendant. | ) | |

**<u>ORDER</u>**

**AND NOW**, this _____ day of _____, 2006, upon consideration of the Motion of Defendant, Anthony Collick, to Dismiss Plaintiff's Complaint Due to the Statute of Limitations, and any response thereto;

**IT IS HEREBY ORDERED** that the Motion of Defendant, Anthony Collick, to Dismiss Plaintiff's Complaint Due to the Statute of Limitations is GRANTED and Plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____
The Honorable Gregory M. Sleet

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS TULLY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-0581 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY COLLICK, | ) | TRIAL BY JURY |
| | ) | OF SIX DEMANDED |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 30th day of October, 2006 that a true and correct copy

of the Motion of Defendant, Anthony Collick, to Dismiss Plaintiff's Complaint Due to Statute of

Limitations was served electronically and by first class mail, postage prepaid upon the following:

Frank Marcone, Esquire
2530 N. Providence Road
Media, PA  19063

REGER RIZZO KAVULICH & DARNALL LLP

*/s/ Cynthia G. Beam, Esquire*
Cynthia G. Beam, Esquire
Delaware State Bar I.D. No. 2565
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant

Dated: October 30, 2006

Source: Legal > States Legal - U.S. > Delaware > Cases > Federal & State Cases, Combined 🔲
Terms: young w/5 clantech  (Edit Search | Suggest Terms for My Search)

✒Select for FOCUS™ or Delivery
🔲

*863 F.2d 300, \*; 1988 U.S. App. LEXIS 17517, \*\**

BARBARA YOUNG, PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES **YOUNG**,
Deceased, Appellant v. **CLANTECH,** INC.

No. 88-5444

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

863 F.2d 300; 1988 U.S. App. LEXIS 17517

December 1, 1988, Submitted Under Third Circuit Rule 12(6)
December 23, 1988, Filed

**PRIOR HISTORY:**

[\*\*1] On Appeal from the United States District Court for the District of New Jersey, (D.C. Civil No. 87-4752).

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant, personal representative of deceased, sought review of the judgment of the United States District Court for the District of New Jersey, which granted appellee manufacturer's motion and dismissed appellant's complaint. The district court held that the action was time-barred under New Jersey's two year statute of limitations and had not been tolled by appellant's original filing of a Michigan state court action.

**OVERVIEW:** Appellant, personal representative of deceased, filed an action in a Michigan state court against appellee manufacturer after the deceased was killed while he was using a "phasing detector" manufactured by appellee. Appellee was a New Jersey corporation with its principal place of business also in New Jersey. The Michigan court dismissed the Michigan suit, because it did not have personal jurisdiction over appellee. Appellant then filed suit in a Washington district court that transferred the case to the district court in New Jersey. Appellant challenged that district court dismissed her complaint. The court affirmed and held that the timely filing of a case in a court which lacked personal jurisdiction over appellee did not toll the New Jersey statute of limitations. The court found that a case relied on by appellant that extended the equitable remedy of tolling the statute of limitations could not be extended so far as to have encompassed her case. The court held that personal jurisdiction over a party was a defect that was qualitatively different from filing in a court which had personal jurisdiction over a party but lacked subject matter jurisdiction.

**OUTCOME:** The court affirmed the judgment of the district court that dismissed the complaint of appellant, personal representative of deceased, against appellee manufacturer, because the timely filing of a case in a court which lacked personal jurisdiction over appellee did not toll the New Jersey statute of limitations.

**CORE TERMS:** statute of limitations, personal jurisdiction, tolled, time-barred, lawsuit,

subject matter jurisdiction, tolling, motion to dismiss, equitable remedy, originally filed, timely filing, encompass, toll

## LexisNexis(R) Headnotes ◆ Hide Headnotes

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > General Overview 🔳

Governments > Legislation > Statutes of Limitations > Tolling 🔳

*HN1* ⬦ The timely filing of a case in a court which lacks personal jurisdiction over the defendant does not toll the New Jersey statute of limitations. More Like This Headnote | *Shepardize:* Restrict By Headnote

Governments > Legislation > Statutes of Limitations > Tolling 🔳

*HN2* ⬦ The filing of a case against a defendant in a court which did not have jurisdiction over the action tolls New Jersey's statute of limitations only if the court in which the case is originally filed has authority to transfer the case to the proper court. More Like This Headnote | *Shepardize:* Restrict By Headnote

**COUNSEL:** Francis J. Hartman, Esq., Stephen W. Kirsch, Esq., Moorestown, New Jersey, Attorneys for Appellant.

Jack Borrus, Esq., Daniel V. Barus, Esq., Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., North Brunswick, New Jersey, Attorneys for Appellee.

**JUDGES:** Seitz, Stapleton, and Cowen, Circuit Judges.

**OPINION BY:** PER CURIAM

**OPINION: [\*300]** OPINION OF THE COURT

I.

The disposition of this case depends upon whether New Jersey's statute of limitations is tolled when a plaintiff files a lawsuit against a defendant in a court which does not have *in personam* jurisdiction over the defendant. Because we conclude that the New Jersey statute of limitations is not tolled by the filing of such a lawsuit, we affirm the district court's grant of the defendant's motion to dismiss.

II.

According to the complaint filed by the plaintiff Barbara Young, James Young was killed in an industrial accident in Ontario, Canada on August 29, 1983, while he was using a "phasing detector" manufactured by the defendant Clantech, Inc. n1 Clantech is a New Jersey corporation with its principal place of business also in New Jersey.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Barbara Young sues as the personal representative of James Young's estate.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[\*\*2]**

On August 16, 1986, **Young** filed a lawsuit against **Clantech** in the Michigan State Circuit Court for the County of Wayne, making allegations which were essentially identical to those in the present action. The Michigan suit was dismissed by the Michigan court on October 14, 1986, because the Court did not have personal jurisdiction over **Clantech.**

**Young** initiated this lawsuit on August 14, 1986, by filing a complaint in the United States District Court for the District of Washington. Clantech moved to dismiss on statute of limitations grounds and on the basis that the Washington court was a *forum non conveniens*. The Washington court, *sua sponte*, raised the additional issue of whether it had personal jurisdiction over Clantech. Because it concluded both that it did not have personal jurisdiction over Clantech, and that venue did not properly lie in the District of Washington, the court transferred the case to the United States District Court for the District of New Jersey.

 **[*301]** On May 2, 1988, the district court for the District of New Jersey heard **Clantech's** motion to dismiss **Young's** complaint on the basis that Young's action was time-barred due to the expiration of the applicable New Jersey **[**3]** statute of limitations. On May 17, 1988, the district court granted Clantech's motion to dismiss the complaint. The court reasoned that Young's action was time-barred, since New Jersey had a two year statute of limitations for cases of this type, and the action had been originally filed more than two years after the accident. The court held that statute of limitations had not been tolled by the filing of the Michigan state court action. Young appeals to this Court.

III.

The parties do not dispute the district court's conclusions that New Jersey law applies to this case, and that the New Jersey statute of limitations applicable to a case of this type is two years. The sole issue before us, then, is whether the timely filing of the Michigan state court action tolled the New Jersey statute of limitations. If so, the district court erred when it dismissed this action, as it would not be time-barred; if not, the action is time-barred and we must affirm the district court.

In our opinion, *HN1*⟰the timely filing of a case in a court which lacks personal jurisdiction over the defendant *does not* toll the New Jersey statute of limitations.

Traditionally, *HN2*⟰the filing of a case against a defendant **[**4]** in a court which did not have jurisdiction over the action tolled New Jersey's statute of limitations only if the court in which the case was originally filed had authority to transfer the case to the proper court. *See Kaczmarek v. New Jersey Turnpike Authority*, 77 N.J. 329, 343-44, 390 A.2d 597 (1978) (citing *Ellis v. Lynch*, 106 F. Supp. 100 (D.N.J. 1952)).

Young, however, relies upon a 1980 New Jersey Supreme Court decision, *Galligan v. Westfield Centre Service, Inc.*, 82 N.J. 188, 412 A.2d 122 (1980), which extended the equitable remedy of tolling a statute of limitations to a case where the plaintiff filed in a court which had neither jurisdiction over the case, nor authority to transfer the case to a court having jurisdiction. In *Galligan*, the plaintiff filed a complaint in the Federal District Court for the District of New Jersey before the statute of limitations had run. The federal court, however, did not have subject matter jurisdiction over the case, since there was not diversity between the parties. The plaintiff then filed a complaint in a New Jersey Superior Court after the statute of limitations had run.

The New Jersey Supreme Court held that the statute of limitations was tolled by the filing of **[**5]** the federal complaint, and stated that as a general rule, the filing of a complaint in a court which lacks subject matter jurisdiction over the case will toll the New Jersey statute of limitations if, in the particular circumstances of the case, the purposes underlying the statute are not compromised. *Id.* at 195.

While *Galligan* extended the equitable remedy of tolling the statute of limitations, it did not extend it so far as to encompass the case. Here, Young filed a complaint in a court which lacked *personal jurisdiction* over the defendant, a defect which is qualitatively different from filing in a court which has personal jurisdiction over the defendant, but lacks subject matter jurisdiction. The New Jersey Supreme Court has not extended the remedy of tolling to encompass such a defect, and we are unwilling, at this juncture, to predict that it would. Significant policy arguments would support a distinction between the two types of defects. Accordingly, we hold that Young is not entitled to the benefit of an equitable tolling of New Jersey's statute of limitations, and will affirm the district court's dismissal of her complaint.

Judge Seitz **[**6]** concurs in the judgment.

Source: <u>Legal</u> > <u>States Legal - U.S.</u> > <u>Delaware</u> > <u>Cases</u> > **Federal & State Cases, Combined** 
Terms: **young w/5 clantech**  (<u>Edit Search</u> | <u>Suggest Terms for My Search</u>)
View: Full
Date/Time: Wednesday, October 25, 2006 - 10:13 AM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
▣ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
❶ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

**LexisNexis®**    <u>About LexisNexis</u> | <u>Terms & Conditions</u>
<u>Copyright ©</u> 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT "A"

06 581

(3)

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| FRANCIS TULLY | : | CIVIL ACTION | 06 581 |
| Plaintiff | : | | |
| | : | NO.: 06-CV-3413 JTG | |
| | : | | **FILED** |
| v. | : | | SEP 15 2006 |
| | : | | U.S. DISTRICT COURT |
| ANTHONY COLLICK | : | | DISTRICT OF DELAWARE |
| Defendant | : | | Scanned |

## MOTION OF DEFENDANT , ANTHONY COLLICK, TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE FOR TRANSFER OF VENUE

Defendant, Anthony Collick ("Collick"), hereby moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(2) for an Order dismissing the action with prejudice, or in the alternative, for an Order pursuant to Federal Rule of Civil Procedure 12(b)(3) transferring the action to the United States Court for the District of Delaware.

The grounds for this Motion are set forth in the attached Memorandum of Law, which is incorporated herein.

Date:   August 22, 2006                    REGER RIZZO KAVULICH & DARNALL LLP

                                            By:    /s/ Robert J. Foster, Esquire
                                                   Robert J. Foster, Esquire
                                                   David A. DuBois, Esquire
                                                   Cira Centre, 13th Floor, 2929 Arch Street
                                                   Philadelphia, PA 19104
                                                   Attorneys for Defendant,
                                                   Anthony Collick

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS TULLY | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO.: 06-CV-3413 JTG |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY COLLICK | : | |
| Defendant | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT , ANTHONY COLLICK, TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE FOR TRANSFER OF VENUE

## I.    INTRODUCTION

Plaintiff's Complaint seeks damages for personal injuries sustained by Francis Tully

while at the residence of Defendant in New Castle, Delaware. The Complaint fails to allege facts

to support Plaintiff's claim that this Honorable Court has personal jurisdiction over Defendant,

Anthony Collick ("Collick"). Therefore, the Complaint should be dismissed pursuant to Fed. R.

Civ. P 12(b)(2) for lack of personal jurisdiction over the defendant. Should the Plaintiff show

that this Court has personal jurisdiction over the Defendant, then the action should be transferred

pursuant to Fed. R. Civ. P. 12(b)(3) to the United States Court for the District of Delaware,

where venue would be proper.

## II.    STATEMENT OF FACTS

Plaintiff Francis Tully is a resident of the Commonwealth of Pennsylvania. (Compl., ¶ 2).

A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A". Defendant

Anthony Collick is a resident of the State of Delaware. (Compl., ¶ 3). On or about August 5,

2004, Francis Tully traveled to Collick's resident in New Castle, Delaware, for the purpose of

providing an estimate for replacement windows for Collick's home. At the time, Fracis Tully was

employed by Sears Roebuck & Company. *See* "Letter of June 19, 2006", a true and correct copy

of which is attached hereto as Exhibit "B". The plaintiff was injured while entering the property,

resulting in this claim. The Complaint provides no other information regarding Defendant's

contact with the Commonwealth of Pennsylvania.

## III.    ARGUMENT

### A.    Plaintiff's Complaint Must be Dismissed Pursuant to Rule 12(b)(2) Because this Court does not have Personal Jurisdiction over the Defendant.

In reviewing a motion to dismiss under Rule 12(b)(2), all of the allegations presented by

the plaintiff must be accepted as true, and all disputed facts must be construed in favor of the

plaintiff. *See Feldman v. Bally's Park Place, Inc.,* 2006 U.S. Dist. LEXIS 37172, *4 (E.D. Pa.

2006). However, once a jurisdictional defense has been properly raised, "the plaintiff bears the

burden of proving, either by sworn affidavits or other competent evidence, sufficient contacts

with the forum state to establish personal jurisdiction". *Id.; citing North Penn Gas Co. v.

Corning Natural Gas Corp.,* 897 F.2d 687, 689 (3d. Cir. 1990)(per curiam).

Tully cannot establish that this Court has personal jurisdiction over Collick. The accident

happened in Defendant's home in Delaware. Tully has failed to allege the existence of any

contacts between Collick and Pennsylvania. Accordingly, Tully's claim should be dismissed due to lack of personal jurisdiction over Defendant.

Under the Federal Rules of Civil Procedure, the district courts may exercise personal jurisdiction over non-residents to the extent permitted by the law of the state in which the district court sits. *See Fed. R. Civ.Pro. 4(e)*. In Pennsylvania, "the jurisdiction of the tribunals of this Commonwealth shall extend to all persons...to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States". 42 Pa.C.S.A. §5322(b); *Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481, 489-90 (3d. Cir. 1985). Pennsylvania law is thus co-existent with the due process clause of the Fourteenth Amendment to the United States Constitution. *See North Penn Gas,* 897 F.2d at 690. The due process clause permits the court to assert personal jurisdiction over a nonresident defendant who has 'certain minimum contacts with [the forum] such that the maintenance of [a] suit does not offend traditional notions of fair play and substantial justice.". *Feldman v. Bally's Park Place,* 2006 U.S. Dist. LEXIS 37172 at *5, quoting Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945).

Personal jurisdiction may be either specific or general. "Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities. To establish specific jurisdiction a plaintiff must show that the defendant has minimum contacts with the state 'such that [the defendant] should reasonably anticipate being haled into court there.' " *North Penn Gas Co. v. Corning Natural Gas Corp.,* 897 F.2d 687, 690 (3d. Cir. 1990) (per curiam), *quoting World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). General jurisdiction, by contract, is implicated when the cause of action arises from the defendant' non-forum related activities. *See Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408,

414 n.9 (1984). To establish general jurisdiction, a plaintiff must show that the defendant maintained "continuous and substantial" connection with the forum state. *Id.*

Tully has set forth no allegations that Collick maintained any connection with Pennsylvania whatsoever, let alone a "continuous and substantial" connection that would give this Court general jurisdiction over Collick. Tully has not averred the existence of any activity directed from Defendant to the Commonwealth of Pennsylvania.

Specific jurisdiction is also non-existent. All interactions between the individual parties occurred at Defendant's home in New Castle, Delaware. Plaintiff's injury was sustained in Delaware. The injuries sustained by Plaintiff resulted from a dangerous condition existing in Delaware. No facts have been pleaded which would support a conclusion that Defendant availed himself in any manner of the benefits and protections of Pennsylvania law, and therefore could have anticipated being haled into court in Pennsylvania. As Plaintiff has failed to put forth any evidence which establishes contact between Defendant and the Commonwealth of Pennsylvania, it cannot be found that this Honorable Court retains personal jurisdiction over Defendant. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(2), Plaintiff's Complaint must be dismissed for lack of personal jurisdiction,.

**B.      Alternatively, Defendant Moves for a Transfer of the Case to the United States District Court for the District of Delaware, as Venue is Improper in Pennsylvania.**

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move for dismissal of an action for improper venue. In reviewing a motion to dismiss for improper venue, the court must accept all of the plaintiff's well-pleaded factual allegations as true, and any factual disputes must be resolved in favor of the plaintiff. *See Dobrick-Peirce v. Open Options, Inc., et al.,* 2006 U.S.

Dist. LEXIS 50874, at *13 (W.D. Pa. 2006); *CQ, Inc. v. TXU Mining Co., L.P.*, 2006 U.S. Dist.

LEXIS 4258 (W.D. Pa. 2006). "In other words, to prevail on a motion to dismiss for improper

venue the defendant must present facts that sufficiently defeat the plaintiff's assertion of venue".

*Dobrick Peirce*, 2006 U.S. Dist LEXIS 50874, *supra*, at * 13.

    Venue may be properly laid in:

    "(1) a judicial district where any defendant resides, if all defendants reside in the same
State, (2) a judicial district in which a substantial part of the events or omissions
occurred, or a substantial part of property that is the subject of the action is situated, or (3)
a judicial district in which any defendant may be found, if there is no district in which the
action may otherwise be brought".

28 U.S.C. § 1391(b); *see also Dobrick Peirce*, 2006 U.S. Dist LEXIS 50874, *supra*, at * 15.

However, Plaintiff has failed to allege any facts that support the placement of venue in

Pennsylvania under any of the aforementioned considerations.

    It is undisputed that Defendant does not reside in the Commonwealth of Pennsylvania.

Rather, Defendant resides in Delaware. Additionally, the events giving rise to Plaintiff's action,

to wit, the fall on the steps leading to Defendant's home, occurred in Delaware. Finally, Plaintiff

has failed to allege that Defendant may be found within Pennsylvania. Venue is only proper

within the District of Delaware, where Defendant resides and where the acts giving rise to

Plaintiff's cause of action occurred. Accordingly, should the Court have personal jurisdiction

over Defendant, pursuant to Federal Rule of Civil Procedure 12(b)(3) the action must be

transferred to the United States District Court for the District of Delaware.

## IV.    CONCLUSION

For the foregoing reasons, Defendant, Anthony Collick, respectfully requests that this

Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice pursuant to

Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. Alternatively,

Defendant respectfully requests this Honorable Court to enter an Order transferring the action to

the United States District Court for the District of Delaware, pursuant to Federal Rule of Civil

Procedure 12(b)(3).

<div style="margin-left: 40%;">

Respectfully submitted,

REGER RIZZO KAVULICH & DARNALL LLP

</div>

Date:    August 22, 2006        By:    /s/ Robert J. Foster, Esquire
                                        Robert J. Foster, Esquire
                                        David A. DuBois, Esquire
                                        Cira Centre, 13th Floor, 2929 Arch Street
                                        Philadelphia, PA 19104
                                        Attorneys for Defendant,
                                        Anthony Collick

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS TULLY              :      CIVIL ACTION
             Plaintiff     :
                           :      NO.: 06-CV-3413 JTG
                           :
     v.                      :
                           :
                           :
ANTHONY COLLICK       :
             Defendant    :

## **CERTIFICATE OF SERVICE**

I, ROBERT J. FOSTER, ESQUIRE, hereby certify that a true and correct copy of the

foregoing Motion to Dismiss Plaintiff's Complaint, or in the alternative, for Transfer of Venue,

of Defendant, Anthony Collick, was mailed via first-class United States mail, postage prepaid, to

the following:

Frank J. Marcone, Esquire
2530 N. Providence Road
Media, PA 19063

REGER RIZZO KAVULICH & DARNALL LLP

_August 22, 2006_           By:   _/s/ Robert J. Foster, Esquire_
                                   Robert J. Foster, Esquire
                                   David A. DuBois, Esquire
                                   Cira Centre, 13th Floor, 2929 Arch Street
                                   Philadelphia, PA 19104
                                   Attorneys for Defendant,
                                   Anthony Collick

EXHIBIT "A"

# JTG

| | |
|---|---|
| Frank J. Marcone, Esquire | Att. ID# 8967 |
| 2530 N. Providence Road | Tel. 484 442 8305 |
| Media, Pennsylvania 19063 | Fax 484 442 8306 |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS TULLY                 :
3131 MEETINGHOUSE ROAD    :
APT A 7                        :
MARCUS HOOK, PENNSYLVANIA 19061    :    No.
              Plaintiff           :    **06 -3413**

vs.                            :
                                 :

ANTHONY COLLICK             :
928 CLAYTON STREET         :
NEW CASTLE, DELAWARE 19720    :    Jury trial
           Defendant         :
                                 :

## COMPLAINT

Francis Tully, by his attorney, Frank J. Marcone, Esquire, files this
Complaint averring negligence and an injury resulting therefrom and in
support of his Complaint he avers the following:

1. Jurisdiction of the Court is based upon the provisions of 28 U.S.C.A §
1332 wherein diversity of citizenship is averred.

2. Francis Tully is an individual who resides within the Commonwealth of
Pennsylvania and more specifically at 3131 MEETINGHOUSE ROAD   :
APT A 7, MARCUS HOOK, PENNSYLVANIA 19061. He is the Plaintiff herein.

3. Anthony Collick is an individual who resides in the State of Delaware and more

1

specifically at 928 Clayton Street, New Castle Delaware. 19720.

4. On or about the fifth day of August , 2004, the Plaintiff was at the home of the
Defendant, 928 Clayton Street, New Castle, Delaware where he had been invited
for the purposes of providing replacement windows for the structure owned and
occupied by the Defendant.

5. The time was about 7:00 P.M. and the Plaintiff approached the home and rang
the doorbell. The Defendant appeared and after a short discussion occurring with
the Plaintiff outside and the Defendant, inside the residence, the Plaintiff retreated to
his vehicle for the purposes of recovering his replacement window samples.

6. The Plaintiff thereupon returned to the residence and attempted to gain entrance
there. As he was mounting the steps which form the front entrance to the residence,
the Plaintiff was caused to fall and gash his left shin or leg causing a serious wound
which bled profusely.

7. The fall was the result of a condition which the Defendant had permitted to exist
and consisted of a set of steps forming the entryway into the home when said steps
were uneven, were out of code and the risers were not those which were required by
code. The Plaintiff fell while attempting to climb the entry way stairs carrying his
sample bags and no one opened the outside door for him contributing to his inability
to safely negotiate the stairs.

8. Immediately following the fall, the Plaintiff suffered a massive hemorrhaging of
his leg and he was able to get back to his car where he had a large clean white
towel. He was able to wrap the injury temporarily.

9. The Defendant, recognizing the severity of the laceration and loss of surface

2

skin, immediately summoned 911 which resulted in the arrival of an ambulance.

10. The Defendant thereafter was rushed to Christiana Hospital where he was admitted to the Emergency Room and eventually was sutured. He believes he had approximately 12 sutures and he was then released in the early morning hours of the following day.

11. When the above described incident occurred, the Plaintiff was and remains suffering from Diabetes and the wound resisted conservative efforts to heal. He was given continuous treatment and during the treatment was instructed that he could not continue his employment.

12. As a result of the injury and the medical care required to bring the wound to a state that was acceptable resulted in medical costs in excess of $7,500.00.

13. That the Plaintiff was completely disabled and his loss of earnings exceeded $45,000.00 and is continuing.

## COUNT ONE
## PAIN AND SUFFERING

14. The Plaintiff incorporates by reference all the above averments in paragraphs one through thirteen and continues as follows:

15. As a result of the injury described herein the Plaintiff suffered extraordinary pain and disability. He was unable to attend to his personal needs and required nursing and continued medical treatment to attend to the severity of the wound.

16. As a result of the injury described herein, the Plaintiff suffered both physical and

mental pain and suffering from the time of the injury to the present time and he expects to suffer the affects of said injury long into the future.

17. The physical pain and suffering was a direct result of the negligence of the Defendant, Anthony Collick.

18. The Plaintiff has also suffered from the disability resulting from the negligence of the Defendant and said disability has resulted in a claim for pain and suffering.

**WHEREFORE,** the Plaintiff prays the Court to enter a Judgement in his favor and against the Defendant, Anthony Collick in an amount in excess of $100,000 on Count Once.

## COUNT TWO
## LOSS OF EARNINGS AND
## MEDICAL EXPENSES

19. The Plaintiff incorporates by reference all the averments contained in Paragraphs one through 18 and continues as follows:

20. As a result of the negligence of the Defendant, the Plaintiff has been caused to be unemployed and to expend various sums for medical expenses.

21. The loss of earnings and medical expenses were the direct and proximate result of the negligence of the Defendant.

22. As a result of the negligence of the Defendant, the Plaintiff has thus far been caused to expend in excess of $47,000 in loss of earnings and medical expenses

4

WHEREFORE, the Plaintiff prays the Court enter a judgment against the Defendant and in favor of the Plaintiff in an amount in excess of $50,000 on Count Two.

Respectfully submitted,

Frank J. Marcone, Esquire
Attorney for the Plaintiff
Francis Tully

July 30, 2006

5

# EXHIBIT "B"

AUG-03-2006 THU 04:05 PM DE TRANSIT CORP
Case 1:06-cv-00581-GMS    Document 3-1    Filed 08/22/2006    Page 16 of 18
FAX NO. 302 577 2027                        P. 09

### Frank J. Marcone, Esquire
#### Attorney at Law

2530 North Providence Road, Upper Providence, Pennsylvania 19063
484 442 8305                                                                  Fax 484 442 8306
federal practice only

June 19, 2006

Adam R. Elgary, Esquire
MATTLEMAN WEINROTH & MILLER
200 Continental Drive, Suite 215
Newark, Delaware 19713

re: Anthony Collick, 928 Clayton Street, New Castle, Del.
    Our client, Francis Tully,
    d/a August 5, 2004
    our file # 04-9173

Dear Mr. Elgary:

As you may recall I wrote to your client Anthony Collick and you responded by a letter dated April 25, 2005. You were kind to include a copy of the law as it applies to this case in Delaware and I informed you my client was a business invitee since your client had requested Mr. Tully, who was employed by Sears, provide your client with an estimate for work to be performed at his home.

Mr. Tully fell while attempting to enter the home and the cause of the fall was the steps which enter the home and which do not comply with the required risers.

You further informed me that your client was notifying his carrier but I have never received any contact from a company.

The anniversary date is fast approaching and I am contacting my client seeking his permission to initiate an action here in Federal Court since there is a diversity claim and further since the injuries to Mr. Tully, who is a diabetic, have been debilitating and expensive to treat. He was covered by Workman's Compensation and that company has been seeking information regarding subrogation rights.

I would appreciate hearing from you regarding why we have not heard from a carrier.

JUN 2 6 2006

**EXHIBIT "B"**



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FRANCIS TULLY                          :

     Plaintiff,                     :

     v.                              :    CIVIL NO. 06-3413

ANTHONY COLLICK,                        :

     Defendant.                      :

ENTERED 06-581
SEP 1 3 2006
CLERK OF COURT

FILED
SEP 1 3 2006
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

06-581

**ORDER**

FILED
SEP 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

    AND NOW, this 11th day of September, 2006, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint or in the Alternative for Transfer of Venue, it is hereby ORDERED that Defendant's Motion is GRANTED in as much as:

1.    The accident occurred in the State of Delaware; and

2.    The complaint alleges that the accident occurred as a result of the building code of the State of Delaware or of New Castle, Delaware; and

3.    Plaintiff received medical treatment at Christiana Hospital in Delaware.

    Therefore, the Court concludes it has no personal jurisdiction over the Defendant and, even if it did, all necessary evidence to prove the claim or to allow a defense to Plaintiff's claims is located in the State of Delaware.

BY THE COURT:

_____
James T. Giles, J.

# EXHIBIT "C"



**JTG**

Frank J. Marcone, Esquire
2530 N. Providence Road
Media, Pennsylvania 19063

0 6 - 5 8 1

Att. ID# 8967
Tel. 484 442 8305
Fax 484 442 8306

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

FRANCIS TULLY
3131 MEETINGHOUSE ROAD
APT A 7
MARCUS HOOK, PENNSYLVANIA 19061
       Plaintiff

AUG 2 2006

Dep. Clerk

No. **06 -3413**

vs.

ANTHONY COLLICK
928 CLAYTON STREET
NEW CASTLE, DELAWARE 19720
       Defendant

Jury trial

0 6 - 5 8 1

**FILED**

SEP 15 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## COMPLAINT

Francis Tully, by his attorney, Frank J. Marcone, Esquire, files this
Complaint averring negligence and an injury resulting therefrom and in
support of his Complaint he avers the following:

1. Jurisdiction of the Court is based upon the provisions of 28 U.S.C.A §
1332 wherein diversity of citizenship is averred.

2. Francis Tully is an individual who resides within the Commonwealth of
Pennsylvania and more specifically at 3131 MEETINGHOUSE ROAD  :
APT A 7, MARCUS HOOK, PENNSYLVANIA 19061.  He is the Plaintiff herein.

3. Anthony Collick is an individual who resides in the State of Delaware and more

1

specifically at 928 Clayton Street, New Castle Delaware. 19720.

4. On or about the fifth day of August , 2004, the Plaintiff was at the home of the Defendant, 928 Clayton Street, New Castle, Delaware where he had been invited for the purposes of providing replacement windows for the structure owned and occupied by the Defendant.

5. The time was about 7:00 P.M. and the Plaintiff approached the home and rang the doorbell. The Defendant appeared and after a short discussion occurring with the Plaintiff outside and the Defendant, inside the residence, the Plaintiff retreated to his vehicle for the purposes of recovering his replacement window samples.

6. The Plaintiff thereupon returned to the residence and attempted to gain entrance there. As he was mounting the steps which form the front entrance to the residence, the Plaintiff was caused to fall and gash his left shin or leg causing a serious wound which bled profusely.

7. The fall was the result of a condition which the Defendant had permitted to exist and consisted of a set of steps forming the entryway into the home when said steps were uneven, were out of code and the risers were not those which were required by code. The Plaintiff fell while attempting to climb the entry way stairs carrying his sample bags and no one opened the outside door for him contributing to his inability to safely negotiate the stairs.

8. Immediately following the fall, the Plaintiff suffered a massive hemorrhaging of his leg and he was able to get back to his car where he had a large clean white towel. He was able to wrap the injury temporarily.

9. The Defendant, recognizing the severity of the laceration and loss of surface

2

skin, immediately summoned 911 which resulted in the arrival of an ambulance.

10. The Defendant thereafter was rushed to Christiana Hospital where he was admitted to the Emergency Room and eventually was sutured. He believes he had approximately 12 sutures and he was then released in the early morning hours of the following day.

11. When the above described incident occurred, the Plaintiff was and remains suffering from Diabetes and the wound resisted conservative efforts to heal. He was given continuous treatment and during the treatment was instructed that he could not continue his employment.

12. As a result of the injury and the medical care required to bring the wound to a state that was acceptable resulted in medical costs in excess of $7,500.00.

13. That the Plaintiff was completely disabled and his loss of earnings exceeded $45,000.00 and is continuing.

## COUNT ONE
## PAIN AND SUFFERING

14. The Plaintiff incorporates by reference all the above averments in paragraphs one through thirteen and continues as follows:

15. As a result of the injury described herein the Plaintiff suffered extraordinary pain and disability. He was unable to attend to his personal needs and required nursing and continued medical treatment to attend to the severity of the wound.

16. As a result of the injury described herein, the Plaintiff suffered both physical and

mental pain and suffering from the time of the injury to the present time and he expects to suffer the affects of said injury long into the future.

17. The physical pain and suffering was a direct result of the negligence of the Defendant, Anthony Collick.

18. The Plaintiff has also suffered from the disability resulting from the negligence of the Defendant and said disability has resulted in a claim for pain and suffering.

**WHEREFORE,** the Plaintiff prays the Court to enter a Judgement in his favor and against the Defendant, Anthony Collick in an amount in excess of $100,000 on Count Once.

## COUNT TWO
## LOSS OF EARNINGS AND
## MEDICAL EXPENSES

19. The Plaintiff incorporates by reference all the averments contained in Paragraphs one through 18 and continues as follows:

20. As a result of the negligence of the Defendant, the Plaintiff has been caused to be unemployed and to expend various sums for medical expenses.

21. The loss of earnings and medical expenses were the direct and proximate result of the negligence of the Defendant.

22. As a result of the negligence of the Defendant, the Plaintiff has thus far been caused to expend in excess of $47,000 in loss of earnings and medical expenses

**WHEREFORE**, the Plaintiff prays the Court enter a judgment against the Defendant and in favor of the Plaintiff in an amount in excess of $50,000 on Count Two.

Respectfully submitted,

Frank J. Marcone, Esquire
Attorney for the Plaintiff
Francis Tully

July 30, 2006

5