IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS TULLY | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-581  GMS |
| | : | |
| v | : | |
| | : | |
| ANTHONY COLLICK | : | |
| | : | |
| Defendant. | : | |

## MOTION TO REINSTATE THE ABOVE-CAPTIONED CASE

Francis Tully, Plaintiff herein, by his attorneys Albert M. Greto, Esquire, and Frank J. Marcone, Esquire, as well as Francis Tully, pro se, files this Motion seeking to have the Court reinstate the above-captioned case upon the following reasons:

1. Francis Tully, by his attorney Frank J. Marcone, Esquire, filed a Complaint asserting the Defendant, Anthony Collick, was negligent and the negligence was the proximate cause of an injury which occurred on August 5, 2004.  The Complaint was filed in the Eastern District Court for the District of Pennsylvania and was captioned No. 06-cv-3413 JTG assigned to the Honorable James T. Giles.

2. On August 22, 2006, the Defense filed a Motion to Dismiss or in the alternative to transfer the venue.

3. On September 15, 2006, the Honorable James T. Giles, by Order dated September 11, 2006, transferred the case to the District of Delaware.

4. The docket entries reveal the Clerk notified Frank J. Marcone, Esquire, that pursuant to local rules, he could not individually and without association with local counsel, enter his

1

appearance in the Delaware Court. That notice was sent on September 19, 2006. Since the transfer resulted in a prohibition that the Plaintiff had been "stripped" of his attorney by Court Rules, the Plaintiff was relegated to pro se status.

     5. On September 26, 2006, the Clerk entered an Order Correcting the Entry of Docket Item however that was not communicated to counsel nor to the Plaintiff. That correction removed the Motion to Dismiss from the record.

     6. An Answer to the Complaint was filed on October 5, 2006 and was docketed in the District of Delaware.

     7. On October 30, 2006, the Defense filed a Motion based upon the Statute of Limitations asserting a lack of personal jurisdiction over the Defendant, a resident of Delaware.

     8. On November 29, 2006, Frank J. Marcone, Esquire, who had made arrangement for Delaware counsel to become involved, and in expectation of that act and acting for the Plaintiff, wrote to the Honorable Gregory M. Sleet enclosing a response to the Motion filed by the Defendant and notified Judge Sleet that he had made an arrangement with Schuster and Associates who are admitted to practice in Delaware and who he believed were entering "together with me as local counsel." A copy of the letter and the response was forwarded to Kenneth R. Schuster, Esquire, Reger Rizzo Kavulich & Darnall, L.L.P. (Attorneys for the Defense ), and Francis Tully, the Plaintiff. The letter referred to is attached hereto, made a part hereof and is marked "Exhibit A."

     9.     The pleading was not returned to Mr. Marcone.

10. On December 1, 2006, Frank J. Marcone, Esquire, expecting to have local counsel enter his appearance supplemented his November 29, 2006 Response to the Motion to Dismiss by forwarding a supplemental response together with attachments directly to the Honorable Gregory M. Sleet. A copy of that letter is attached hereto and is marked "Exhibit B." That letter was copied with enclosures to Joseph Jachetti, Esquire, who is associated with the Schuster firm, defense counsel and the Plaintiff.

11. That pleading was not returned and counsel and the Plaintiff believed it had been accepted as filed.

12. There is nothing in the record which informed the Plaintiff his action was in danger of being dismissed since he and counsel believed the Response filed to the Motion to Dismiss had satisfied the Order to Show Cause that the case must be "prosecuted" or was in danger of being dismissed.

13. Thereafter, without notice to the Plaintiff or to any attorney associated with the Plaintiff, the case was dismissed on December 20, 2006. No notice of the dismissal was ever sent to any person associated with the Plaintiff or to the Plaintiff himself.

14. Without notice of the Dismissal which was entered without prejudice, the Plaintiff believed he had satisfied the directive of the Court that he must prosecute the case. Once the "prosecution" of the case occurred there was no reason to dismiss the case.

15. Without proper notice of the dismissal, the Plaintiff was unaware his cause was in jeopardy.

16. In the interim, the arrangements with Schuster and Associates had aborted, and in January, the Plaintiff finally engaged new counsel by the way of executing an agreement with Albert Greto, Esquire, who is admitted to the Bar of the District of Delaware. Frank J. Marcone,

Esquire sought admission *pro hac vice* associated with Mr. Greto. It was recently learned there had been a dismissal and this Motion is being filed for the purposes of reinstating the cause of action.

    WHEREFORE, the Plaintiff respectfully prays the Court enter an Order vacating the Order of December 20, 2006 thereby reinstating the cause of action and permitting the matter to proceed according to the Local Rules.

                              RESPECTFULLY SUBMITTED,

                              /s/ Frank J. Marcone
                              FRANK J. MARCONE, ESQUIRE
                              2530 North Providence Road
                              Upper Providence, PA  19063
                              Attorney for Plaintiff, *Pro Hac Vice*

                              Reviewed by:

                              /s/ Albert M. Greto
                              ALBERT M. GRETO, ESQUIRE
                              Supreme Court ID# 3811
                              1701 Shallcross Avenue, Suite C
                              P.O. Box 756
                              Wilmington, DE  19899-0756
                              (302) 761-9000

Date:  3/28/07

# Frank J. Marcone, Esquire
Attorney at Law
2530 North Providence Road
Upper Providence, Pennsylvania 19063

484 442 8305                                                                 Fax 484 442 8306

federal practice only

January 15, 2007

Hon. Gregory M. Sleet
J. Calib Boggs Federal Building
844 N. King Street
Room 4324
Lock Box 9
Wilmington, Delaware, 19801

re: Tully v. Collick, No. 06-581 GMS

Dear Judge Sleet:

     Furthering my letter of December 1, 2006, please be advised my attempt to arrange for local counsel with Mr. Schuster's office simply did not work out.  After the continued delay, I have spoken to Albert M. Greto, Esquire who has agreed to enter into cooperation with me in the above captioned case.

     We are this date, filing the necessary Motion and Order requesting my admission Pro Hac Vice in accord with Rule 83.5 of the Local Rules.  I also enclosed my check in the amount of $25.00 in further compliance with the Local Rules.

     We will now be adopting the prior Responses to the Motion filed by the Defendants regarding service of process; the "long arm statute" of Pennsylvania and also the Memorandum of Law and fact related to "doing business" in the Commonwealth of Pennsylvania.

     I trust the above meets with your approval.

     Respectfully,


     Frank J. Marcone

FJM/sm
cc: Adam R. Elgary, Esquire
   Albert M. Greto, Esquire
   Francis Tully
    Clerk of the Delaware Dist. Ct.

# Frank J. Marcone, Esquire
Attorney at Law
2530 North Providence Road ,Upper Providence, Pennsylvania 19063
484 442 8305                              Fax 484 442 8306
federal practice only

December 1, 2006

Hon. Gregory M. Sleet
J. Calib Boggs Federal Building
844 N. King Street
Room 4324
Lock Box 9
Wilmington, Delaware, 19801

re: Tully v. Collick, No.

Dear Judge Sleet:

After giving additional consideration to the response which I hand delivered to the Courthouse on Wednesday, I have prepared the Supplemental Response which itemizes the business contacts by Mr. Collick related to this accident and occurring before suit began this year.

I am sending a copy to defense counsel and I have spoken to Schuster's Office and learned the Secretary in the Wilmington Office is not in today. I have sent the documents to Mr. Jachetti who is the Delaware Associate and am awaiting his response.

Respectfully,

Frank J. Marcone
FJM/sm
cc: Joseph Jachetti, Esquire
    REGER, RIZZO, KAVULICH & DARNELL, LLP
    Frank Tully
Enclosures

                    Exhibit "B"

# Frank J. Marcone, Esquire
Attorney at Law
2530 North Providence Road, Upper Providence, Pennsylvania 19063
484 442 8305                                    Fax 484 442 8306
federal practice only
November 29, 2006

Hon. Gregory M. Sleet
J. Calib Boggs Federal Building
844 N. King Street; Room 4324
Lock Box 9
Wilmington, Delaware, 19801

re: Tully v. Collick, No.

Dear Judge Sleet:

    In behalf of Mr. Tully, I am enclosing our response to the Motions filed by the Defenant seeking Dismissal pursuant to the provisions of Rule 12(b)(6).

    I also attached a proposed Order and Memorandum of Law in support of dismissing the Defense Motions.

    I have made an arrangement with Schuster and Associates who have a Delaware practice that they will be entering together with me as local counsel. The entry of appearance should be accomplished by the end of this week.

    The Holiday delayed the completion of our arrangements.

    Most respectfully,

    Frank J. Marcone
FJM/sm
cc: Kenneth Schuster, Esquire
    Reger Rizzo Kavulich & Darnall LLP.
    Francis Tully

                        Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS TULLY | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-581  GMS |
| | : | |
| v | : | |
| | : | |
| ANTHONY COLLICK | : | |
| | : | |
| Defendant. | : | |

ORDER

AND NOW, this           day of                    , 2007 upon consideration of the Motion filed by the Plaintiff, Francis Tully, seeking relief from the Order of the Court dated December 20, 2006, and further upon a review of the record as well as the submissions by Frank J. Marcone, Esquire, on behalf of the Plaintiff in November and December, 2006, as well as a review of the record regarding Notices provided to the Plaintiff, it is hereby ORDERED and DECREED that the Motion is GRANTED and the Order dated December 20, 2006 is VACATED and the above-captioned case is REINSTATED.

BY THE COURT:

_____
Gregory M. Sleet, J.