IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS TULLY : | | |
| : | | |
| Plaintiff, : | Civil Action No. 06-581 GMS | |
| : | | |
| v : | | |
| : | | |
| ANTHONY COLLICK : | | |
| : | | |
| Defendant. : | | |

**MEMORANDUM OF LAW IN SUPPORT
OF REINSTATING THE ABOVE-CAPTIONED CASE**

**FACTS:**

Francis Tully is a salesman for Sears Home Improvement Company and he resides in Pennsylvania, within a few miles of the Delaware - Pennsylvania border.

On August 5, 2004, Mr. Tully was invited to the home of the Defendant, Anthony Collick for the purpose of displaying his wares to Mr. Collick, who expressed his interest in purchasing replacement windows. When Mr. Tully arrived, he fell at the steps to the Collick home and asserted the fall was the result of Mr. Collick's negligence in maintaining the front steps to the home.

Mr. Tully, who is a diabetic, suffered injuries resulting in extensive sutures and continued treatment and disability resulting from his decreased circulation in his legs due to his diabetic condition.

Mr. Tully began suit in the United States District Court for the Eastern District of Pennsylvania asserting diversity of jurisdiction and served Mr. Collick with a copy of the

Complaint. Subsequently, Mr. Collick's attorneys filed a Motion seeking to have venue changed to Delaware. Since treatment for the injury initially was in Delaware and also since Mr. Collick's residence was in Delaware and Delaware law applied to the negligence, the case was transferred in September, 2006.

Thereafter, the Clerk notified Mr. Tully's attorney (Frank J. Marcone, Esquire) that even though he was admitted to the Federal Court in Pennsylvania, his admission to the Delaware Court required an association with local counsel.

There was nothing in that notice which informed either the Plaintiff or Mr. Marcone that failure to associate with local counsel would jeopardize the case nor was there any "threat" to dismiss the case for failure to procure local counsel.

Nonetheless, Mr. Marcone began a search for local counsel and discussed this with Kenneth Schuster, Esquire, who is the managing partner in Schuster & Associates who maintain an office in Wilmington Delaware. That office is staffed by Joseph Jachetti, Esquire, an attorney admitted to Delaware.

Discussions led Mr. Marcone to believe Mr. Jachetti would enter his appearance and move for the pro hac admission of Mr. Marcone. At no time however did it appear the case was in danger of being dismissed without notice of the dismissal.

Thereafter, the Court entered an Order to Show Cause which did threaten to dismiss the case unless the case was "prosecuted." The Defense filed a Motion to Dismiss and within thirty days thereafter, Mr. Marcone, on behalf of Mr. Tully, prepared a Response to the Motion to Dismiss and sent a copy to all parties with the original being sent to the Honorable Gregory M. Sleet. The following day, another supplemental Response including exhibits was sent to all parties with the original sent to Judge Sleet.

Those pleadings were never returned to Mr. Marcone and he had been led to believe Mr. Jachetti would be filing the originals.

It was subsequently determined that as a result of disputes within the Schuster group that Mr. Jachetti had not filed the documents.

Thereafter, Mr. Marcone attempted to procure new associate counsel and after a search, was able to locate Albert M. Greto, Esquire who maintains offices in both Delaware and Pennsylvania. During the interim period Mr. Marcone had made various unsuccessful attempts to procure associate counsel including a request to Joseph Hurley, Esquire who declined but referred counsel to another Delaware attorney. That attorney was difficult to "pin down" and finally Mr. Marcone came to an agreement with Mr. Greto. Mr. Tully signed an agreement with Mr. Greto and thereafter, Mr. Greto filed his appearance as well as a Motion seeking Mr. Marcone's admission *pro hac vice*.

Thereafter, it was learned that on December 20, 2006, the Court had entered an Order dismissing the case but there had been no pre-warning that the case was in danger of dismissal. The Plaintiff believed he had satisfied the directive that he prosecute the case and had done so by filing his Response to the Motion to Dismiss. There was nothing before the Court other than that Motion. He believed his response had satisfied the directive.

Further there was no notice that unless he promptly procured local counsel that his case would be dismissed.

Further, the December 20, 2006 Order dismissing the case was never communicated to the Plaintiff nor to his Pennsylvania counsel. Without notice, the Plaintiff was unable to address the impact of the dismissal and he now asserts the failure to be given Notice requires the Court vacate the Order and permit this matter to go forward in the normal course of events.

Mr. Greto has filed his appearance and the only Motion before the Court has been responded to promptly. Most important, the Plaintiff never was provided notice of the intent to dismiss nor of the actual dismissal. Equity requires the Order of December 20, 2006 be vacated in the interests of justice.

(The Order was entered without Prejudice and therefore has not closed the case.)

**ARGUMENT:**

The Order to Show Cause entered on September 15, 2006, directed the Plaintiff to procure local counsel, however, the local rules also permit him to have proceeded pro se and without counsel. If he was aware his failure to procure local counsel was critical to the life of his case, he would have entered his own appearance pro se.

The actual language of the Order referred to the fact that a Motion to Dismiss had been filed by the defendant on October 30, 2006. The Court thereafter noted the docket reflected that local counsel had not entered an appearance on behalf of the plaintiff and "Additionally, the plaintiff has not filed an answering brief to the defendant's motion to dismiss."

On page two of the Order the Court stated:

> "IT IS HEREBY ORDERED that:
>
> 1. The plaintiff is directed to SHOW GOOD CAUSE, in writing, within 30 days from the date of this Order, as to why the above-captioned case should not be dismissed for failure to prosecute.
>
> 2. If the plaintiff fails to show cause, in writing, within thirty (30) days this case shall be dismissed without prejudice and without further notice, pursuant to District of Delaware Local Rule 41.1" (dated and filed November 17, 2006.)

On November 29, 2006, twelve (12) days thereafter and clearly abiding by the directive of the Court that he must "prosecute" the case or be subject to dismissal, the Court was served

with the Brief which had been specifically referred to in the Order.   There had been no suggestion that failure to have associate counsel within that period would result in the case being dismissed.

Further, counsel from Pennsylvania did explain in writing that he was making arrangements to have Schuster and Associates enter an appearance within the period required. (If it was required under the Order.)

The following day, December 1, 2006, Pennsylvania counsel for Mr. Tully also forwarded a supplemental submission in compliance with the Order.  The letter dated November 29, 2006 began with the statement that the Response was being sent "in behalf of Mr. Tully".

Most of the law applicable to this issue seems to be found in bankruptcy cases where the court clerk failed to send notices of dismissal of bankruptcy cases to creditors who later come forward asserting no notice of dismissal.  It is clear from those cases that failure to serve a notice upon a party must require a reasonable approach and reason prevails.  If it appears the clerk failed to correspond a critical notice to the party and that the party was unaware of the entry of the Order, the court is compelled to vacate the Order and permit the party complaining of the failure to receive notice to "cure" the entry of the Order by addressing the concerns either in writing or at a hearing.

Federal Rule of Civil Procedure 60(b) permits the court to provide the relief sought by the Plaintiff.

Dismissal for want of prosecution may be vacated under rule providing for relief from judgment or order for excusable error where (1) the moving party acts with reasonable promptness; (2) moving party alleges meritorious defense or colorable claim; and (3) dismissal is not the result of willful disregard of court's orders or procedures.  **_Fed. Rules Civ. Proc. Rule_**

**_60(b), 28 U.S.C.A._**   **_Kur v. Fox Valley Press, Inc., WL 715543 N.D.Ill, 1996_** (Dismissal vacated)

What constitutes reasonable promptness for purposes of determining whether the party has acted with reasonable promptness in seeking to vacate dismissal for want of prosecution under the rule providing for relief from a judgment or order, depends on factors including, *inter alia*, reason for delay, practical ability of litigant to learn earlier of grounds relied upon and prejudice to other parties.  (Id)

In this case the record is clear that within twelve days of receiving a notice that unless the plaintiff prosecute within the following thirty days, his case was in danger of being dismissed, his attorney from Pennsylvania forwarded a brief satisfying that requirement and stated not only was it being submitted on behalf of Mr. Tully but also that arrangements were underway to procure local counsel.

The following day a supplemental brief and exhibits was forwarded.  Neither were returned and Mr. Tully was never alerted to the possibility that his case might be dismissed.

Further and most important for this Motion, the Clerk of the District Court never notified Mr. Tully nor prior counsel that on December 20, 2006, the case was dismissed.  Without notice of the dismissal, Mr. Tully was powerless to protect his interests, and he could have simply filed a pro se appearance and adopted the Brief to avoid the dismissal.

The law requires notice of the impending dismissal thereby giving notice to the party that he may or may not choose to object.  In this case the only notice was that he was in danger of dismissal for "failure to prosecute" and he immediately had the required brief prepared and submitted in his name.

Further, the Court was given notice in writing of what had been occurring in Mr. Tully's efforts to procure local counsel. The letters to Judge Sleet referred to the progress and the reasons for the delay. Nonetheless both letters referred to the continued efforts to procure local counsel.

Now that Mr. Greto has entered his appearance, the record is satisfied and the Plaintiff adopts the prior brief as his own.

The Defense is not prejudiced in any manner whatsoever other than being deprived of a "windfall" based upon the unusual record in this matter.

Wherefore, the Plaintiff respectfully prays the Court enter an Order Vacating the Order dated December 20, 2006 on the basis of lack of notice of the entry of the Order.

RESPECTFULLY SUBMITTED,

/s/ Frank J. Marcone_____
FRANK J. MARCONE, ESQUIRE
2530 North Providence Road
Upper Providence, PA 19063
Attorney for Plaintiff, *Pro Hac Vice*

Reviewed by:

/s/ Albert M. Greto_____
ALBERT M. GRETO, ESQUIRE
Supreme Court ID# 3811
1701 Shallcross Avenue, Suite C
P.O. Box 756
Wilmington, DE 19899-0756
(302) 761-9000

Date: 3/28/07