IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANCIS TULLY,                              )
                                            )
              Plaintiff,                    )        C.A. No.: 06-0581 (GMS)
                                            )
       v.                                   )
                                            )
ANTHONY COLLICK,                            )        TRIAL BY JURY
                                            )        OF SIX DEMANDED
              Defendant.                    )

## RESPONSE OF DEFENDANT, ANTHONY COLLICK, TO PLAINTIFF'S MOTION TO REOPEN THE CASE

1.       Plaintiff initiated the initial Complaint on July 30, 2006 in the United States District Court for the Eastern District of Pennsylvania, alleging damages from an injury that occurred on August 5, 2004.

2.       Defendant filed a motion to dismiss the Complaint for lack of personal jurisdiction. On September 11, 2006, as an alternative relief, Judge Giles of the United States District Court for the Eastern District of Pennsylvania ordered transfer of venue to the Delaware District Court to resolve the issue of lack of personal jurisdiction. See copy of Order attached as Exhibit "A".

3.       On September 15, 2006, Plaintiff filed the same Complaint in the United State District Court for the District Court of Delaware as they did in the United States District Court for the Eastern District of Pennsylvania. See copy of Complaint attached as Exhibit "B".

4. On September 19, 2006, Plaintiff and Defendant's counsel were sent letters by the Court directing them to obtain association with local counsel on or before October 19, 2006 pursuant to *Local Rule 83.5(d) of the Civil Practice for the United States District Court for the District of Delaware.* Defendant, through local counsel filed an Answer to the Complaint on

October 5, 2006 and later filed a Motion to Dismiss on or about October 30, 2006. See Copy of Answer and Motion to Dismiss as Exhibits "C" and "D" respectively.

5.      On November 17, 2006, the Court entered an Order to Show Cause due to Plaintiff's failure to retain local counsel and failure to answer Defendant's Motion to Dismiss. Plaintiff was given 30 days to show cause or the case would be dismissed without further notice pursuant to *District of Delaware Local Rule 41.1.* See Order attached as Exhibit "E".  Contrary to the rules and letter sent to him on September 19, 2006 and without association with local counsel, out of state attorney, Frank J. Marcone filed a Response to Defendant's Motion to Dismiss on November 29, 2006.

6.      On December 20, 2006, the case was dismissed by the Court.

7.      On February 12, 2006, Albert Greto, a Delaware licensed attorney, finally filed his entry of appearance for Plaintiff, nearly two months after the case was dismissed. At the time of the entry of appearance, Pennsylvania attorney Frank J. Marcone was admitted pro hac vice for Plaintiff.

8.      It was not until March 28, 2007, nearly three months after the dismissal of the case, that Plaintiff filed its Motion to Reopen the Case.

9.      Approving the reinstatement of the case would be futile since it is time-barred by the Statute of Limitations. The action is time-barred under 10 *Del*. C. §8119, Delaware's two year statute of limitations for personal injury allegations. The Delaware statute of limitations is not tolled when a Plaintiff files a law suit against the Defendant in a Court which does not have in personam jurisdiction over the Defendant. This similar issue was raised in the United States Court of Appeals for the Third Circuit in *Barber Young, Personal Representative of the Estate of*

*James Young v. Clantech, Inc.*, 863 F.2d 300 (3d Cir., 1988). In the case at bar, the District Court

for the Eastern District of Pennsylvania specifically held that they did not have personal

jurisdiction over the Defendant. The alleged injury occurred on August 5, 2004. See Exhibit "B"

at paragraph 4. The Complaint was not filed with the U.S. District Court for the District of

Delaware, which had personal jurisdiction over the Defendant, until September 13, 2006.

Therefore, this claim is time-barred by the applicable two year statute of limitations for the State

of Delaware.

10. Although Plaintiff does not cite any authority in his Motion to Reopen, *Rule 60(b) of*

*the Federal Rules of Civil Procedure* provides a mechanism for parties to obtain relief from

judgment or order. See *Fed. R. Civ. P. 60(b)*.  Motions filed under *Rule 60(b)* are committed to

the "sound discretion" of the district court. *Ross v. Meagon*, 638 F.2d 646, 648 (*3d Cir.* 1981).

However, relief under *Rule 60(b)* is available only where the "overriding interest in the finality

and repose of judgments may properly be overcome." *Martinez-McBean v. Government of the*

*Virgin Islands*, 562 F.2d 908, 913 (*3d Cir.* 1977). Relief under Rule 60(b) remedy is

"extraordinary, and special circumstances must justify granting relief under it." *Page v.*

*Schweiker*, 748 F.2d 150, 158 (*3d Cir.* 1986). It is established law that "a legal error, without

more cannot justify granting a Rule 60(b) motion." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.

1988). Plaintiff has failed to establish that there are extraordinary and special circumstances in

the instant case that would justify a *Rule 60(b)* remedy. Plaintiff did not claim that the dismissal

should be revoked because of a mistake, inadvertence, surprise, excusable neglect, newly

discovered evidence or fraud or misconduct by the Defendant. In fact, Plaintiff's only basis for

the Motion to Reopen is that Plaintiff's out of state counsel was unaware that his response, filed

without association with local counsel against the Rules, would not be sufficient as a response to the Order of Rule to Show Cause. Plaintiff's ignorance of substantial law, the requirement of out of state counsel to associate with local counsel pursuant to *Local Rule 83.5(d) of the Civil Practice for the United States District Court for the District of Delaware* in order to practice law in the district as a pro vice admitted attorney, is not extraordinary nor a special circumstance for which a Rule 60(b) remedy should be afforded.

WHEREFORE, Defendant, Anthony Collick, respectfully requests that this honorable Court enter in an Order denying Plaintiff's Motion to Reinstate the Above-Captioned Case with prejudice.

RESPECTFULLY SUBMITTED,

REGER RIZZO KAVULICH & DARNALL LLP


*/s/Louis J. Rizzo*
Louis J. Rizzo
Delaware State Bar I.D. No.3374
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Dated:  April 12, 2007                    Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS TULLY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-0581 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY COLLICK, | ) | TRIAL BY JURY |
| | ) | OF SIX DEMANDED |
| Defendant. | ) | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2007, upon consideration of the Response of

Defendant, Anthony Collick, to Plaintiff's Motion to Reopen Case, and any response thereto;

**IT IS HEREBY ORDERED** that the Motion of Plaintiff to Reopen Case is DENIED and

Plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____

The Honorable Gregory M. Sleet

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS TULLY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-0581 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY COLLICK, | ) | TRIAL BY JURY |
| | ) | OF SIX DEMANDED |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 12th day of April, 2007 that a true and correct copy

of the Response of Defendant, Anthony Collick, to Plaintiff's Motion to Reopen Case was served

electronically and by first class mail, postage prepaid upon the following:

Frank Marcone, Esquire  
2530 N. Providence Road  
Media, PA  19063

Albert Greto  
O'Brien, Belland & Bushinski LLC  
1701 Shallcross Avenue, Suite C  
P.O. Box 756  
Wilmington, DE 19899-0756

REGER RIZZO KAVULICH & DARNALL LLP

/s/Louis J. Rizzo
Louis J. Rizzo  
Delaware State Bar I.D. No.3374  
1001 Jefferson Plaza, Suite 202  
Wilmington, DE 19801  
(302) 652-3611  

Dated:  April 12, 2007                    Attorney for Defendant

# Exhibit A



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS TULLY                           :

      Plaintiff,                    :

      v.                            :    CIVIL NO. 06-3413

ANTHONY COLLICK,                        :

      Defendant.                    :

**ENTERED** 06-581

SEP 13 2006

CLERK OF COURT

**FILED**
SEP 13 2006
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

06-581

**FILED**
SEP 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AND NOW, this 11th day of September, 2006, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint or in the Alternative for Transfer of Venue, it is hereby ORDERED that Defendant's Motion is GRANTED in as much as:

1.    The accident occurred in the State of Delaware; and

2.    The complaint alleges that the accident occurred as a result of the building code of the State of Delaware or of New Castle, Delaware; and

3.    Plaintiff received medical treatment at Christiana Hospital in Delaware.

Therefore, the Court concludes it has no personal jurisdiction over the Defendant and, even if it did, all necessary evidence to prove the claim or to allow a defense to Plaintiff's claims is located in the State of Delaware.

BY THE COURT:

_____
James T. Giles, J.

# Exhibit B



**JTG**

Frank J. Marcone, Esquire
2530 N. Providence Road
Media, Pennsylvania 19063

06 581

Att. ID# 8967
Tel. 484 442 8305
Fax 484 442 8306

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**F I L E D**

FRANCIS TULLY
3131 MEETINGHOUSE ROAD
APT A 7
MARCUS HOOK, PENNSYLVANIA 19061
          **Plaintiff**

vs.

ANTHONY COLLICK
928 CLAYTON STREET
NEW CASTLE, DELAWARE 19720
          **Defendant**

AUG 2 2006

Dep. Clerk No. **06 -3413**

06 581

Jury trial

**F I L E D**

SEP 15 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## COMPLAINT

Francis Tully, by his attorney, Frank J. Marcone, Esquire, files this
Complaint averring negligence and an injury resulting therefrom and in
support of his Complaint he avers the following:


1. Jurisdiction of the Court is based upon the provisions of 28 U.S.C.A §
1332 wherein diversity of citizenship is averred.


2. Francis Tully is an individual who resides within the Commonwealth of
Pennsylvania and more specifically at 3131 MEETINGHOUSE ROAD  :
APT A 7, MARCUS HOOK, PENNSYLVANIA 19061. He is the Plaintiff herein.


3. Anthony Collick is an individual who resides in the State of Delaware and more

1

specifically at 928 Clayton Street, New Castle Delaware. 19720.

4. On or about the fifth day of August , 2004, the Plaintiff was at the home of the Defendant, 928 Clayton Street, New Castle, Delaware where he had been invited for the purposes of providing replacement windows for the structure owned and occupied by the Defendant.

5. The time was about 7:00 P.M. and the Plaintiff approached the home and rang the doorbell. The Defendant appeared and after a short discussion occurring with the Plaintiff outside and the Defendant, inside the residence, the Plaintiff retreated to his vehicle for the purposes of recovering his replacement window samples.

6. The Plaintiff thereupon returned to the residence and attempted to gain entrance there. As he was mounting the steps which form the front entrance to the residence, the Plaintiff was caused to fall and gash his left shin or leg causing a serious wound which bled profusely.

7. The fall was the result of a condition which the Defendant had permitted to exist and consisted of a set of steps forming the entryway into the home when said steps were uneven, were out of code and the risers were not those which were required by code. The Plaintiff fell while attempting to climb the entry way stairs carrying his sample bags and no one opened the outside door for him contributing to his inability to safely negotiate the stairs.

8. Immediately following the fall, the Plaintiff suffered a massive hemorrhaging of his leg and he was able to get back to his car where he had a large clean white towel. He was able to wrap the injury temporarily.

9. The Defendant, recognizing the severity of the laceration and loss of surface

2

skin, immediately summoned 911 which resulted in the arrival of an ambulance.

10.  The Defendant thereafter was rushed to Christiana Hospital where he was admitted to the Emergency Room and eventually was sutured.  He believes he had approximately 12 sutures and he was then released in the early morning hours of the following day.

11. When the above described incident occurred, the Plaintiff was and remains suffering from Diabetes and the wound resisted conservative efforts to heal.  He was given continuous treatment and during the treatment was instructed that he could not continue his employment.

12. As a result of the injury and the medical care required to bring the wound to a state that was acceptable resulted in medical costs in excess of $7,500.00.

13.  That the Plaintiff was completely disabled and his loss of earnings exceeded $45,000.00 and is continuing.

## COUNT ONE
## PAIN AND SUFFERING

14.  The Plaintiff incorporates by reference all the above averments in paragraphs one through thirteen and continues as follows:

15.  As a result of the injury described herein the Plaintiff suffered extraordinary pain and disability.   He was unable to attend to his personal needs and required nursing and continued medical treatment to attend to the severity of the wound.

16. As a result of the injury described herein, the Plaintiff suffered both physical and

mental pain and suffering from the time of the injury to the present time and he expects to suffer the affects of said injury long into the future.

17. The physical pain and suffering was a direct result of the negligence of the Defendant, Anthony Collick.

18. The Plaintiff has also suffered from the disability resulting from the negligence of the Defendant and said disability has resulted in a claim for pain and suffering.

**WHEREFORE,** the Plaintiff prays the Court to enter a Judgement in his favor and against the Defendant, Anthony Collick in an amount in excess of $100,000 on Count Once.

## COUNT TWO
## LOSS OF EARNINGS AND
## MEDICAL EXPENSES

19. The Plaintiff incorporates by reference all the averments contained in Paragraphs one through 18 and continues as follows:

20. As a result of the negligence of the Defendant, the Plaintiff has been caused to be unemployed and to expend various sums for medical expenses.

21. The loss of earnings and medical expenses were the direct and proximate result of the negligence of the Defendant.

22. As a result of the negligence of the Defendant, the Plaintiff has thus far been caused to expend in excess of $47,000 in loss of earnings and medical expenses

4

**WHEREFORE**, the Plaintiff prays the Court enter a judgment against the Defendant and in favor of the Plaintiff in an amount in excess of $50,000 on Count Two.

Respectfully submitted,

Frank J. Marcone, Esquire
Attorney for the Plaintiff
Francis Tully

July 30, 2006

5

06 581

JS 44 (Rev. 11/04)    **CIVIL COVER SHEET**    JTG    06 -3413 APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Francis Tully

**(b)** County of Residence of First Listed Plaintiff    Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Frank J. Marcone
2530 N. Providence Rd. Media Pa

**DEFENDANTS**

Anthony Collick

County of Residence of First Listed Defendant    State of Del
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       (U.S. Government Not a Party)

☒ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL INJURY** | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | Product Liability | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Sentence | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | **Habeas Corpus:** | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | | | Under Equal Access |
| | Employment | ☐ 540 Mandamus & Other | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of |
| | Other | ☐ 555 Prison Condition | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original
       Proceeding
☐ 2 Removed from
       State Court
☐ 3 Remanded from
       Appellate Court
☐ 4 Reinstated or
       Reopened
☐ 5 Transferred from
       another district
       (specify)
☐ 6 Multidistrict
       Litigation
☐ 7 Appeal to District
       Judge from
       Magistrate
       Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USCA § 1332
Brief description of cause:
Pltf. business visitor fell at Deft's house.

**VII. REQUESTED IN
COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S)
IF ANY**  None
(See instructions):    JUDGE
DOCKET NUMBER    AUG 0 2 2006

DATE  Aug. 2, 2006
SIGNATURE OF ATTORNEY OF RECORD

FILED
SEP 15 2006
MAG. JUDGE

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
06 581

**UNITED STATES DISTRICT COURT** 06 -3413    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _3131 Westinghouse Road, Apt A-7, Marcus Hook Pa 19061_

Address of Defendant: _928 Clayton Street, New Castle, Del._

Place of Accident, Incident or Transaction: _928 Clayton Street, New Castle Delaware_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___        Yes☐   No☑

Does this case involve multidistrict litigation possibilities?        Yes☐   No☑

RELATED CASE, IF ANY:    _None_

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?        Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases

(Please specify)
_fell down while on business_

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _Frank J. Marcone_, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _Aug 2, 2006_        _____        _8967_
                            Attorney-at-Law            Attorney I.D.#        AUG 0 2 2006

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _Aug 2, 2006_        _____        _8967_
                            Attorney-at-Law            Attorney I.D.#

CIV. 609 (4/03)

# Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS TULLY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-0581 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY COLLICK, | ) | TRIAL BY JURY |
| | ) | OF SIX DEMANDED |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

1.    Admitted upon information and belief.

2.    Admitted upon information and belief.

3.    Admitted upon information and belief.

4.    It is admitted that on or about the 5th day of August, 2004, the Plaintiff was at the home of the Defendant located at 928 Clayton Street, New Castle, Delaware. It is further admitted that the Plaintiff was at the Defendant's home after the Defendant inquired of his local Sear's store regarding replacement windows. The Defendant denies specifically inviting the Plaintiff to his home for any purpose.

5.    Admitted upon information and belief.

6.    Denied as stated. It is admitted that upon returning from his car, the Plaintiff appeared at Defendant's door way with an injury to his left shin.

7.    Denied.

8.    Answering Defendant is without sufficient information or knowledge to either admit or deny the averment of this paragraph of the Complaint.

9.    Denied as stated. The Defendant did call 911 for the Plaintiff.

10.    Answering Defendant is without sufficient information or knowledge to either admit or deny the averments of this paragraph of the Complaint.

11.    Answering Defendant is without sufficient information or knowledge to either admit or deny the averments of this paragraph of the Complaint.

12.    Answering Defendant is without sufficient information or knowledge to either admit or deny the averments of this paragraph of the Complaint.

13.    Denied.

<b><u>COUNT I</u></b>

14.    Answering Defendant incorporates the responses to paragraphs 1 through 13 herein by reference.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

<b><u>COUNT II</u></b>

19.    Answering Defendant incorporates its responses to paragraphs 1 through 18 herein by reference.

20.    Denied.

21.    Denied.

22.    Denied.

<b><u>AFFIRMATIVE DEFENSES</u></b>

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred in whole or in part by the assumption of a known risk and/or contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred in whole or in part by the provisions of the Delaware Comparative Negligence Act.

Plaintiff was comparatively negligent in the following manner:

        (a)     He failed to maintain a proper lookout;

        (b)     He failed in his duty to use the due care a reasonable person should use under the same circumstances;

        (c)     He walked in an area with open and obvious defective and/or dangerous conditions;

        (d)     He was otherwise negligent.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff sustained the injuries as alleged in his Complaint, which is herein strictly denied, then such injuries were caused by the acts or omissions of entities/individuals over which/whom Answering Defendant had no control nor legal duty to control.

### SIXTH AFFIRMATIVE DEFENSE

At all times material hereto, Answering Defendant acted with due care and proper care under the circumstances.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the persons to the within action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable, necessary and proper parties.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendant neither knew nor by reasonable care could have known of any defective or dangerous condition at its premises.

## ELEVENTH AFFIRMATIVE DEFENSE

If a defective or dangerous condition existed on the premises as alleged in the Complaint, then such condition was open and obvious.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were not causally related to the incident at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses which become available or apparent during pretrial discovery or litigation proceedings in this action and hereby reserves the right to assert any such affirmative defenses which are incorporated herein by reference and made a part hereof as though set forth fully herein.

WHEREFORE, Answering Defendant respectfully requests that this cause of action against him be dismissed with prejudice.

REGER RIZZO KAVULICH & DARNALL LLP


/s/ Cynthia G. Beam, Esquire
Cynthia G. Beam, Esquire
Delaware State Bar I.D. No. 2565
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant

Dated:   October 5, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS TULLY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-00581 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY COLLICK, | ) | TRIAL BY JURY |
| | ) | OF SIX DEMANDED |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 5th day of October, 2006 that two true and correct copies of Defendant's Answer to Complaint with Affirmative Defenses have been served electronically and/or by first class mail, postage prepaid, upon the following:

Frank Marcone, Esquire
2530 N. Providence Road
Media, PA 19063

REGER RIZZO KAVULICH & DARNALL LLP

*/s/ Cynthia G. Beam, Esquire*
Cynthia G. Beam, Esquire
Delaware State Bar I.D. No. 2565
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant

Dated: October 5, 2006

## Answers to Complaints
1:06-cv-00581-GMS Tully v. Collick

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Beam, Cynthia G. entered on 10/5/2006 at 1:47 PM EDT and filed on 10/5/2006

**Case Name:**      Tully v. Collick
**Case Number:**     1:06-cv-581
**Filer:**         Anthony Collick
**Document Number:** 10

**Docket Text:**
ANSWER to Complaint with Jury Demand by Anthony Collick. (Attachments: # (1) USDC Cover Sheet)(Beam, Cynthia)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/5/2006] [FileNumber=283446-0]
[15555fd9216bdd5e6153b183d32b41f619337d9f56e9bbe67851ef19e93afd55f224
54dd1084c26c1c968f244f69122d3c8067dfa835b39ccbde9ecd800aa59d]]
**Document description:** USDC Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/5/2006] [FileNumber=283446-1]
[50c77cf5ab3923d1b63ff20d65a794966a56a21ebbd14ffbddee541e7bd31cb7a86f
80779c5b7d6e0c111223a5a0cee0d20e0bfd4c438946eb5f568c4c72f5a3]]

**1:06-cv-581 Notice will be electronically mailed to:**

Cynthia G. Beam     cbeam@regrizlaw.com

**1:06-cv-581 Notice will be delivered by other means to:**

(REV. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

**FRANCIS TULLY**

**b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) **Frank Marcone, Esquire, 2530 N. Providence Road, Media, PA 19063**

## DEFENDANTS

**ANTHONY COLLICK**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   NEW CASTLE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN) **Cynthia G. Beam, Esquire**
**c/o Reger Rizzo Kavulich & Darnall LLP, 1001 Jefferson Plaza, Suite 202, Wilmington, DE 19801**

## II. BASIS OF JURISDICTION   (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government

☐ 2 U.S. Government Defendent

☐ 3 Federal Question

☒ 4 Diversity
(Indicated Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | ncorporated or Principal Place Of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

## V. NATURE OF SUIT   (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 422 State Reapportionment |
| ☐ 120 Manne | ☐ 310 Airplane | ☐ 362 Personal Injury-- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury -- | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of | ☐ 320 Assault, Libel & | Product Liability | 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| Overpayment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | | |
| & Enforcement of | ☐ 330 Federal Employers' | Injury Product | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| Judgment | Liability | Liability | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 151 Midicare Act | ☐ 340 Manne | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 345 Manne Product | ☐ 370 Other Fraud | Safety/Health | | ☐ 850 Securities/Commodities/ |
| Student Loans | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | Exchange |
| (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 190 Other Contract | Product | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product | Liability | Product Liability | ☐ 720 Labor/Mgmt. | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization |
| Liability | | | Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| | | | ☐ 790 Other Labor Litigation | or | Determination |
| ☐ 230 Rent Lease & Equipment | ☐ 443 Housing/ | Habeas Corpus: | | Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS -- Third Party 26 | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Security | USC 7609 | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Act | | Statues |
| | | ☐ 550 Civil Right | | | ☐ Other Statutory Actions |

## VI. ORIGIN    (PLACE AN x IN ONE BOX ONLY)    Appeal to District

☐ 1 Original Proceeding Judgment

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

Transferred from

☒ 5 another district (specify) Eastern District of PA

☐ 6 Multidistrict Litigation

☐ 7 Judge Magistrate

## VII. REQUESTED IN COMPLAINT:___

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P 23

DEMAND $

Check YES only if demanded in complaint:

JURY DEMAND: ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions)

JUDGE _____    DOCKET NUMBER _____

DATE
October 5, 2006

SIGNATURE OF ATTORNEY OF RECORD
/s/ Cynthia G. Beam, Esquire (Delaware State Bar I.D. No. 2565)

UNITED STATES DISTRICT COURT

COVER.USD

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED
OCT 3 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

FRANCIS TULLY,                )
                             )
              Plaintiff,      )      C.A. No.: 06-0581 (GMS)
                             )
    v.                       )
                             )
ANTHONY COLLICK,             )      TRIAL BY JURY
                             )      OF SIX DEMANDED
              Defendant.     )

## MOTION OF DEFENDANT, ANTHONY COLLICK, TO DISMISS PLAINTIFF'S COMPLAINT DUE TO THE STATUTE OF LIMITATIONS

1.      Introduction: Plaintiff's Complaint seeks damages for personal injuries sustained by Francis Tully while at the residence of Defendant, Collick, who resides in New Castle County, Delaware. The Plaintiff initially filed a suit in the United States District Court for the Eastern District of Pennsylvania on July 30, 2006. Plaintiff's Complaint alleges that the injury occurred on August 5, 2004. The Defendant filed a Motion in the United States District Court for the Eastern District of Pennsylvania seeking to dismiss the Plaintiff's Complaint since that Court did not have jurisdiction over the Defendant. An alternative relief sought by the Defendant was a transfer of venue. See copy of Defendant's Motion to Dismiss attached hereto as Exhibit "A".

2.      In its Order dated September 11, 2006, Judge Giles of the United States District Court for the Eastern District of Pennsylvania concluded that the Court had no personal jurisdiction over the Defendant and ordered transfer of venue to Delaware. See copy of Order attached as Exhibit "B".

3.      The same Complaint that Plaintiff had filed in the Eastern District of Pennsylvania was filed in the United States District Court for the District of Delaware docket on 9/15/2006. Exhibit "C".

4.      This is Defendant's Motion to Dismiss the Complaint. The action is time-barred under 10 *Del.* C. §8119, Delaware's two year statute of limitations for personal injury allegations. The Delaware statute of limitations is not tolled when a Plaintiff files a law suit against the Defendant in a Court which does not have <u>in personam</u> jurisdiction over the Defendant. This similar issue was raised in

the United States Court of Appeals for the Third Circuit in <u>Barber Young, Personal Representative of the Estate of James Young v. Clantech, Inc.</u>, 863 F.2d 300; 1988 U.S. App LEXIS 17517.

5.    In that case the United States Court of Appeals through the Third Circuit considered the same issue, only that law suit was filed in New Jersey. The Court in that matter considered the question of whether New Jersey's statute of limitations is tolled when a Plaintiff files a law suit against a Defendant in a Court which does not have <u>in personam</u> jurisdiction over the Defendant. The Appellant Court concluded that the New Jersey statute of limitations is not tolled by the filing of such a law suit. The Court reasoned that the exception contained in the doctrine of equitable remedy of tolling the statute of limitations could not be extended so far as to encompass this type of matter. The Court further reasoned that personal jurisdiction over a party was a defect that was qualitatively different from filing in a court which had personal jurisdiction over a party but lacked subject matter jurisdiction.

6.    In the case at bar the District Court for the Eastern District of Pennsylvania specifically held that they did not have personal jurisdiction over the Defendant. The alleged injury occurred on August 5, 2004. The Complaint was not filed with the U.S. District Court for the District of Delaware, which had personal jurisdiction over the Defendant, until September 13, 2006. Therefore, this claim is time-barred by the applicable two year statute of limitations for the State of Delaware.

WHEREFORE, Defendant, Anthony Collick, respectfully requests that this honorable Court enter in an Order dismissing Plaintiff's Complaint with prejudice.

RESPECTFULLY SUBMITTED,

REGER RIZZO KAVULICH & DARNALL LLP

/s/ Cynthia G. Beam, Esquire
Cynthia G. Beam, Esquire
Delaware State Bar I.D. No. 2565
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Dated: October 30, 2006                    Attorney for Defendant

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANCIS TULLY                    )
                                 )
          Plaintiff              )
                                 )
     v.                          )     Civil Action No.  06-581 GMS
                                 )
ANTHONY COLLICK                  )
                                 )
          Defendant              )

## ORDER

WHEREAS, on November 17, 2006, the Court issued an Order directing the plaintiff to SHOW CAUSE, in writing, within thirty (30) days from the date of the Order, why the above-captioned case should not be dismissed for failure to prosecute (D.I. 13);

WHEREAS, the Plaintiff was also advised that failure to show cause within 30 days would lead to dismissal of this case, without prejudice, and without further notice;

WHEREAS, to date, the court's docket reflects that the plaintiff has not shown cause and has had no further contact with the court.

IT IS HEREBY ORDERED that:

·1.  The above-captioned civil action is dismissed without prejudice pursuant to District of Delaware Local Rule 41.1.

Dated: December ___70___ , 2006



UNITED STATES DISTRICT JUDGE

FILED

DEC 2 0 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE