IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ) | FRANCIS TULLY | : |
| ) |  | : |
| ) | Plaintiff | :Civil Action No. 06-581 |
| ) | v. | :    GMS |
| ) |  | : |
| ) | ANTHONY COLLICK | : |
| ) |  | : |
| ) | Defendant | : |

## PLAINTIFF'S ANSWER TO THE RESPONSE
## TO THE MOTION TO REOPEN THE CASE

1. Admitted.

2. Admitted.

3. Denied.  To the contrary the case was transferred to Delaware Federal District Court and the Complaint was merely transferred pursuant to the Order of the Hon. Chief Judge James T. Giles.

4. Admitted.

5. Admitted in part and denied in part. It is admitted the Docket entries disclose the Order to Show Cause was signed by the Court on the 17th of November, 2006 however the Order required that the Plaintiff give cause in writing within 30 days from the date of the Order as to why the case should not be dismissed for failure to prosecute.  It is asserted the Plaintiff complied with the Order.

6. Admitted.  By way of further Answer it is averred the Dismissal was not

1

communicated to either Frank J. Marcone, Esquire, nor to Francis Tully. Without notice, the Plaintiff was unaware of the actions of the Court.

7. Admitted.

8. Admitted. By way of further Answer it is averred the Plaintiff and his counsel learned of the Dismissal only after the Clerk alerted Mr. Greto when he entered his appearance. Counsel thereupon researched the issues and prepared the Motion Seeking to Vacate the Dismissal.

9. Denied. To the contrary, the Plaintiff filed his Complaint within the statute of limitations and the action is not barred unless the Court decides the Pennsylvania Long Arm Statute did not extend personal jurisdiction over the Defendant. The Plaintiff, by his counsel, (Who was awaiting the assistance of Delaware Counsel in the person of Mr. Joseph Jachetti, Esquire, who after delays finally declined to enter his appearance.) Had filed a Response to the Motion to Dismiss under the theory of the statute of limitations by showing evidence that Mr. Collick had "done business" in Pennsylvania and therefore the Federal District Court in Pennsylvania had in personam jurisdicition pursuant to the provisions of the Pennsylvania "Long Arm Statute."

The Plaintiff has asserted the Plaintiff procured proper in personam jurisdiction over the Defendant and in support of that position, the Plainitff's response showed Mr. Collick had done business with plaintiff's counsel who assisted him in locating the policy of insurance which extended Homeowner's coverage for this case. That was contained in the response to the Motion seeking to dismiss the case. (Which was served upon the Plaintiff and Mr. Marcone by Defense Counsel.)

On November 29th, 2006, Frank J. Marcone, Esquire, in expectation of having local counsel, but fearful that the failure to respond to the Motion would be

2

detrimental, sent a letter to Judge Gregory M. Sleet with a copy to the Clerk as well as Defense counsel.   A copy of the letter to the Hon. Gregory M. Sleet which is attached hereto, made a part hereof and is marked "Exhibit A".  The Clerk apparently failed to file the Response since Mr. Marcone was not a member of the Delaware Federal District Bar.

That letter also contained a Response to the Motion to Dismiss as well as a proposed Order and supporting Memorandum of Law and was designed to satisfy the November 17th Order by filing an answering brief as directed by the last paragraph on page one of the Order.

Further, the letter explained arrangements had been made with local counsel and it was expected that the entry of appearance by local counsel would be completed by the First of December.  The Plaintiff thereby notified the Court that within the 30 days set by the Order dated November 17th, the Plaintiff had filed his Responsive Pleading, a Memorandum in Support of his Response as well as a Prospective Order.  Further, on December 1, 2006, the Plaintiff filed a second Pleading namely a Supplemental Response containing documents in support of his Response.  That letter is attached as Exhibit "B".  In that letter another reference to having Mr. Jachetti enter his appearance in compliance with the Order of November 17th was referred to.

There was no response and counsel presumed the Pleading and the Supplemental Pleading had been filed in expectation of having local counsel enter his appearance.   In that letter counsel again referred to Mr. Jachetti delaying the entry of his appearance.  It subsequently was learned his refusal was the result of an internal disagreement within his lawfirm.

Thereafter, on December 20th, 2006, even though the Plaintiff had filed his Response in compliance with the Order of November 17th as well as showed he was attempting to procure local counsel, the Court Dismissed the Case but no notice of the Dismissal was sent to the Plaintiff.  Since the Plaintiff had not procured local counsel, he could have proceeded pro se.  There was no need to have counsel since

he could represent himself.

In the letter dated November 29, 2006, filed 12 days after the November 17th Order, which gave 30 days to prosecute the case, a letter was sent to the Court "in behalf of Mr. Tully, who was then unrepresented by local counsel.

On January 15, 2007, a letter was sent to the Hon. Gregory M. Sleet explaining the arrangements for local counsel had not been productive and arrangements were being made with Mr. Greto.  The Plaintiff was unaware an Order had been entered on December 20th..

That letter was copied to the Clerk of the Federal District Court and contained a Motion for Admission together with a check in the amount of $25.00 in accord with Rule 83.5 of the Local Rules.  There was no response from the Clerk nor from the Court informing the Plaintiff the case had been dismissed and neither counsel nor the Plaintiff had been alerted to what had occurred.  In fact, copies were sent to Defense counsel who did not alert the Plaintiff to the dismissal.

Thereafter, counsel began searching for a replacement "local" counsel and finally he was able to come to an agreement with Mr. Greto and the case is back on track.  An additional letter was sent to the Hon. Gregory M. Sleet as well as to the Clerk of the Court and Defense counsel.  Once again, no one informed the Plaintiff nor his counsel that the case had been dismissed.  That letter was dated January 15, 2007 and is attached hereto, made a part hereof and is marked Exhibit "C"

Further, counsel, in behalf of the Plaintiff submitted documents and a Memorandum of Law supporting the conclusion the Defendant, Anthony Collick had conducted business in Pennsylvania before suit began and he therefore was properly personally served under the provisions of the Pennsylvania Long Arm Statute.  Copies of the Response to the Motion to Dismiss, a Memorandum and documents supporting the assertion of personal service based upon the Pennsylvania

Long Arm Statute was submitted to Judge Steele.

10. Denied. To the contrary, counsel for the Plaintiff specifically cited to *Fed Rule of Civil Proc. Rule 60(b), 28 U.S.C.A., and Kur v. fox Valley Press, Inc. WL 715543 N.D. Ill, 1996 (Dismissal vacated.)* (See page 10 of the Memorandum attached to the Motion seeking to have the Dismissal Vacated.)

In this case, the Plaintiff's case was transferred over his objection and he was then required to adhere to the Rules of the United States Federal District Court in the State of Delaware. For reasons known only to the Court, counsel who had entered his appearance in the Eastern District of Pennsylvania was required to hire local counsel for the purposes of a joint entry of appearance. Counsel began that procedure and believed he had made the arrangements however those arrangements simply did not work out but both he and the Plaintiff had attempted to comply with the November 17th Order. Further, he believed he had evidenced his "cause" for not having local counsel and also, in compliance with the directive that he "prosecute his case" the Plaintiff had filed a Response to the Motion to Dismiss as well as a supporting Memorandum and a prospective Order.

Principles of law, cited in the New Matter contained below, do not favor a dismissal based upon the failure to promptly procure local counsel in cases which required local counsel due to a transfer of jurisdiction.

During the interim period counsel Mr. Marcone, in behalf of his client, filed a Response to the Motion to Dismiss which had been filed and served upon him by Defense counsel. This was done in an effort to protect the rights of Mr. Tully and to comply with the November 17th Order.

Also during this period counsel was attempting to procure local counsel and rather than await the entry of his pro hac vice appearance, he prepared and filed a

5

specific response to the Motion to Dismiss and provided the Court with a Memorandum and documents which supported the assertion that in personam jurisdiction over the Defendant had been procured when service of the original complaint was made.

As the Defense states, special circumstances must justify granting relief under Rule 60(b).

The special circumstances in this case is the fact the Clerk never communicated the Order dismissing the case nor was the Responsive Pleading nor the Memorandum nor the Prospective Order nor the supporting documents filed on December 1, 2006 returned to the Plaintiff nor to his Pennsylvania counsel leading the Plaintiff to believe he had satisfied the requirements of the November 17th Order.

There was no reason for counsel to expect that the November 17th Order was not complied with. The Order to dismiss the case was not anticipated and the Clerk failed to give notice of the entry of the Order dismissing.

In most cases, the issue of failure to send notice is raised when a judgment is not communicated to the litigant who must take an appeal. In such a case, the litigant usually expects the Judgment and is charged with anticipating it. In this case, the Plaintiff's filings were not returned and he was led to believe the Court was satisfied he had satisfied the requirement that he had cause for not having local counsel.

In this case, there was no expectation that the Order dated December 20th would be filed. Counsel believed if such an Order would be adopted by the Court he would be sent a notice. In fact, during the 30 day period in which the Plaintiff was given time to file his Answer to the Motion to Dismiss, he did in fact file the

Response.  Thereafter, on December 1, 2006, the Plaintiff provided additional documents referred to in the Supplemental Motion filed that day.  The documents which were attached clearly evidence the Defendant had done business in Pennsylvania and his in personam argument would fail.

The Plaintiff again attaches the following letters by and between counsel and the Defendant, Collick, wherein Mr. Marcone assisted him by locating insurance coverage for him after he believed he had none.

A copy of those documents is enclosed once again as Exhibits "D";"E";"F" , "G" and "H".

In determining whether to reinstate a dismissed suit the Court must examine the facts and determine if there could be (1)  a finding of bad faith or negligence, (2) give the litigant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect upon the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

Where there is "excusable neglect" the Court is compelled to permit the case be reinstated.  In this case the Clerk did not send either the Plaintiff nor his counsel a notice that the case had been dismissed.  In *Mercy DouglassCenter Inc., v. Nationa Union of Hospital and Health Care Employers, District 1199C et al , WL 8069 (.D. Pa)* the court said while the failure by the Clerk to give notice of a judgment does not by itself establish excusable neglect, a party must show more than simply relying upon notice.   In this case the party filed the Response as he was directed in the November 17th Order and he also explained in writing what was being done to procure local counsel.

He therefore completely complied with the requirements of the November

17th Order and to require him to lose his day in court simply due to the failure by the Clerk to send the Notice of the December 20th dismissal would be both inequitable as well as unjust. Courts do not favor "default" judgments and favor having the cases disposed of on the merits.

Addressing a similar situation in which the litigant suffered due to the state of the law related to appeals after judgments, Judge Higginbottom observed:

> "It is understandable that, in a variety of circumstances, a litigant might be denied his day in court because of the negligence of his lawyer. However, in those instances, the litigant may very well have a remedy in a malpractice action. Where, as here, substantive rights are irretrievably lost because of the action or either the judge or the court staff, there is no remedy for the litigant, and a person who may have a most viable claim can be forever denied relief because of the negligence of a clerk or court or a judge."

See: *Hall v. Community Mental Health Center of Beaver County, 772 F. 2d 42, 54 USLW 2187, 2 Fed R. Serv. 3d 1137 (1985)*.

In this case, counsel for the Plaintiff in the Federal District Court in Philadelphia was noticed that if he expected to continue representing the Plainitff, he was required to procure local counsel and before he did so, he was unable to practice before the Delaware District Court. While this Rule might be used to maintain control over counsel, it should never be the reason for putting a litigant out of court. Mr. Tully came into the District of Delaware after the District Court in Philadelphia transferred the case to Delaware. This was neither anticipated nor sought by Mr. Tully. He asked his original lawyer to comply with the November 17th Order to protect his interests until he was under to "cover" of local counsel.

There is no need for any lawyer for a litigant may represent himself and the

Court acknowledged this when a Notice of the November 17th Order was sent to him personally. He was therefore pro se at the time and before his case may have been dismissed he would have had to personally ignore the November 17th Order.

He simply did not and there is no prejudice to the Defense since the Response to the Motion to Dismiss was responded to within the 30 days and he explained his efforts to procure local counsel. Certainly, Mr. Marcone could communicate with the Court while attempting to procure local counsel.

To refuse to reinstate this case would be a miscarriage of justice since the Plaintiff acted in good faith and satisfied the requirements of the November 17th Order by filing the Responsive Pleading (counsel's letter stated it was being filed in behalf of Mr. Tully.) and also, counsel explained in writing giving cause why local counsel's appearance had not been entered during the 30 days. That complied with a written "cause" explaining why local counsel had not entered his appearance.

The Plaintiff should not be penalized for being unable to fully comply with the November 17th Order when he shows he did proceed to prosecute the case and since he had no counsel the pleading had to be accepted as being filed pro se.

Further, he should not be denied his day in court simply due to a Rule requiring local counsel which is not within his power to procure. He tried and relied upon promises which were broken and he immediately sought replacement counsel as quickly as possible.

Plaintiff is old and disabled. He is now unemployed and has no significant means of income. He is without funds so that his ability to procure new local counsel was substantially impaired. He should not be penalized for not having funds to hire counsel and he was at the mercy of others over whom he had no

control.

## NEW MATTER

11. The Plaintiff incorporates by reference all the above and continues on as follows:

12. Counsel Frank J. Marcone, Esquire, does hereby certify by his signature below that the following occurred related to seeking local counsel:

> *Upon receipt of the November 17th Order he believed it was necessary to procure Local counsel if he intended to continue to represent the Plaintiff. He made contact with the Schuster and Associates firm and was promised that Mr. Jachetti would enter his appearance. Mr. Jachetti is also admitted to New Jersey and he and Mr. Marcone successfully appeared together with Mr. Jachetti introducing Mr. Marcone to the New Jersey court. During the discussions with Mr. Jachetti, it was learned that he had decided not to enter his appearance after first agreeing to do so. Immediately upon learning of this decision, Mr. Marcone contacted Joseph Hurley, Esquire, Delaware counsel. Mr. Marcone has a long standing professional and personal relationship with Mr. Hurley. For a period Mr. Hurley was unavailable and was out of town. Then after a discussion, Mr. Hurley declined explaining he didn't chose to become involved in a civil case. He referred Mr. Marcone to a young lawyer accross the street from Mr. Hurley's Office. Mr. Marcone had difficulty contacting him however after a discussion he agreed to become involved. He therefore was unreacheable and no one answered at his office. He resides in Pennsylvania and Mr. Marcone was unable to make contact after the first contact.*
>
> *Mr. Marcone then began seeking another attorney and most refused simply in fear of being involved in a Federal case. One lawyer it was learned had been disbarred so he was unavailable.*

10

> *He even attempted to procure a referral from Judge Vincent*
> *Bifferato who was unavailable. Judge Bifferato is a personal friend of*
> *Mr. Marcone who was a classmate at Villanova Law School.*
>
> *Finally, after a discussion with Matthew Hanna, Esquire, who*
> *was Mr. Marcone's associate years earlier, Mr. Hanna suggested Mr.*
> *Greto who is a tenant in his office building. After discussion with Mr.*
> *Greto, he agreed to enter his appearance and the record reveals the*
> *appearance was entered.*

Mr. Marcone certifies that he made every possible effort to procure local counsel and the delay was neither his nor Mr. Tully's fault. Further neither knew the Response which had been filed in Mr. Tully's behalf had not satisfied the November 17th Order.

13. Since the Plaintiff tried to comply with the November 17th Order and did not ignore his responsibilities, and further since the procurement of "local" counsel should never be the basis for a case being dismissed, he respectfully prays the Order of December 20th, 2006 be Vacated.

14. The law does not favor dismissal on the basis that the Plaintiff had not procured local counsel. In *Donnelly v. Johns Manville Sales Corporation, 677 F.2d 339, 33 Fed r. Serv. 2d 1525 (3rd Cir. 1982)* Judge Sloviter held the District Court abused its' discretion in ordering dismissal of the complaint where the nature of noncompliance was not refusal but arose out of involuntary transfer of the case. There was no allegation of prejudice to any defendant, the motion to reinstate complaint was filed promptly, and the district court did not consider imposition of some lesser sanction.

In *Adams v. Trustees of New Jersey Brewery, 29 F.3d 863, C.A. 3 (N.J. 1994)*, the Court examined the party's personal responsibility and found if the party bore any personal responsibility for the action or inaction and if not, the party should not suffer dismissal. (Citing to *Carter v, Albert Eisnstein Medical Center,*

11

*804 F.d 805 (3rd Cir 1986) and Burns v. McMeekin, 722 F. 2d 32, 35 (3rd Cir. 1983)* Further unless the adverse party is able to show prejudice the court should not dismiss due to lack of complying with an Order. *Adams* (supra).

If there is no history of dilatoriness, then the case should not be dismissed. In this case there is no history of dilatoriness other than the inability to procure local counsel. All other requirements imposed upon the Plaintiff were complied with. In *Dyotherm Corp. V. Turbo Machine co., 392 F. 2d 146 (3rd Cir. 1968)*, a dismissal based upon an allegation of being dilatory was set aside even though the plaintiff was late and unprepared for trial, did not produce his key witness and the court found the activities of counsel to be "inexcusable". Since there had been no history of dilatory tactics during the first two and a half years in which the case was litigated the dismissal was vacated.

Where there is no evidence that the attorney's conduct was willful or in bad faith, the case should not be dismissed. Willfulness involves intentional or self serving behavior. In the *Donnelly* case (supra) where the plaintiffs' case was transferred to New Jersey from Texas, and where the plaintiff was "tardy" meeting court orders to obtain New Jersey counsel, the court found the record showed there was no "willfulness" to comply with the court order. The Third Circuit found where the attorney had filed all the necessary papers but had not been able to procure local counsel with "dispatch", that failure was neither willful nor contumacious.

In this case the dismissal was not with "prejudice" and was not a final order. (The case was not dismissed with "prejucice"). Therefore, as the Plaintiff has filed this Motion seeking that the Order be vacated and he be permitted to move forward, this Motion should be granted.

15. In this case, the Court did not consider Alternative Sanctions and if the Plaintiff had acted in such a manner as to evidence disregard for the Order of the Court, even then the law requires the District Court to examine other means of

12

sanctioning the litigant.  See *Donnelly* (supra)

16. Legal principles disfavor dismissals with prejudice apply with special force in cases where the misconduct upon which a dismissal with prejudice is sought to be predicated upon the failure of a plaintiff to obtain local counsel in a transferred action.  *Donnelly* (supra) at 677 F2d at 343 -44.

WHEREFORE, the Plaintiff respectfully prays the Court enter an Order Vacating the Order of December 20, 2006 and reinstate the action pursuant to Rule 60(b).

Respectfully submitted,

S/ *Frank J. Marcone*
_____

Frank J. Marcone, Esquire
Pro hac vice counsel for Plaintiff
Francis Tully, in association with
Albert Greto, Esquire,
Local Counsel

April 20, 2007

*Frank J. Marcone, Esquire*

*Attorney at Law*

*2530 North Providence Road, Upper Providence, Pennsylvania 19063*

*484 442 8305*

*Fax 484 442 8306*

*federal practice only*

November 29, 2006

Hon. Gregory M. Sleet
J. Calib Boggs Federal Building
844 N. King Street
Room 4324
Lock Box 9
Wilmington, Delaware, 19801

re: Tully v. Collick, No.

Dear Judge Sleet:

In behalf of Mr. Tully, I am enclosing our response to the Motions filed by the Defenant seeking Dismissal pursuant to the provisions of Rule 12(b)(6).

I also attached a proposed Order and Memorandum of Law in support of dismissing the Defense Motions.

I have made an arrangement with Schuster and Associates who have a Delaware practice that they will be entering together with me as local counsel. The entry of appearance should be accomplished by the end of this week.

The Holiday delayed the completion of our arrangements.

Most respectfully,

Frank J.Marcone
FJM/sm
cc: Kenneth Schuster, Esquire
    Reger Rizzo Kavulich & Darnall LLP.
    Francis Tully

# EXHIBIT "A"

*Frank J. Marcone, Esquire*
*Attorney at Law*
*2530 North Providence Road, Upper Providence, Pennsylvania 19063*
*484 442 8305*                                                                *Fax 484 442 8306*
*federal practice only*

December 1, 2006

Hon. Gregory M. Sleet
J. Calib Boggs Federal Building
844 N. King Street
Room 4324
Lock Box 9
Wilmington, Delaware, 19801

re: Tully v. Collick, No.

Dear Judge Sleet:

After giving additional consideration to the response which I hand delivered to the Courthouse on Wednesday, I have prepared the Supplemental Response which itemizes the business contacts by Mr. Collick related to this accident and occurring before suit began this year.

I am sending a copy to defense counsel and I have spoken to Schuster's Office and learned the Secretary in the Wilmington Office is not in today. I have sent the documents to Mr. Jachetti who is the Delaware Associate and am awaiting his response.

Respectfully,

Frank J. Marcone
FJM/sm
cc: Joseph Jachetti, Esquire
    REGER, RIZZO, KAVULICH & DARNELL, LLP
    Frank Tully
enclosures

# EXHIBIT "B"

*Frank J. Marcone, Esquire*

*Attorney at Law*

*2530 North Providence Road, Upper Providence, Pennsylvania 19063*

*484 442 8305*

*Fax 484 442 8306*

*federal practice only*

January 15, 2007

Hon. Gregory M. Sleet
J. Calib Boggs Federal Building
844 N. King Street
Room 4324
Lock Box 9
Wilmington, Delaware, 19801

re: Tully v. Collick, No. 06-581 GMS

Dear Judge Sleet:

Furthering my letter of December 1, 2006, please be advised my attempt to arrange for local counsel with Mr. Schuster's office simply did not work out. After the continued delay, I have spoken to Albert M. Greto, Esquire who has agreed to enter into cooperation with me in the above captioned case.

We are this date, filing the necessary Motion and Order requesting my admission Pro Hac Vice in accord with Rule 83.5 of the Local Rules. I also enclosed my check in the amount of $25.00 in further compliance with the Local Rules.

We will now be adopting the prior Responses to the Motion filed by the Defendants regarding service of process; the "long arm statute" of Pennsylvania and also the Memorandum of Law and fact related to "doing business" in the Commonwealth of Pennsylvania.

I trust the above meets with your approval.

Respectfully,

Frank J. Marcone
FJM/sm
cc: Adam R. Elgary, Esquire
    Albert M. Greto, Esquire
    Francis Tully
    Clerk of the Delaware Dist. Ct.

# EXHIBIT "C"

*Frank J. Marcone, Esquire*

*Attorney at Law*

*2530 North Providence Road, Upper Providence, Pennsylvania 19063*

*Fax 484 442 8306*

*484 442 8305*

*federal practice only*

July 18, 2006

Anthony Collick
928 Clayton Street
New Castle, Delaware 19720

re: claim of Francis Tully

Dear Mr. Collick:

This will acknowledge our telephone conversation which resulted from your call to my office this afternoon.

You have informed me you have pre paid legal services but you have no attorney who is representing you. I suggest that if the legal services are prepaid, perhaps you must insist they provide assistance to you.

I also understand you do not believe you were insured. I suggested that the Mortgage Companies will often pay the homeowner's premium if the Debtor fails to pay it because the companies are fearful that the property will be destroyed and they will not recover the equity in the home which is mortgaged.

Further, if you were cancelled there are provisions in the law which require the insurance company notifies you and provides you an opportunity to reinstate the policy or procure other coverage. Your attorneys should be able to assist you in this matter.

We anticipate filing suit before the statute date.

Very truly yours,

Frank J. Marcone
FJM/.sm
cc: Adam L. Elgart, Esquire
    Francis Tully
    Liberty Mutual Insurance Co.

# EXHIBIT "D"

*Frank J. Marcone, Esquire*
*Attorney at Law*
*2530 North Providence Road , Upper Providence, Pennsylvania 19063*
*Fax 484 442 8306*
*484 442 8305*
*federal practice only*

July 30, 2006

Anthony Collick
928 Clayton Street
New Castle, Delaware 19720

re: claim of Francis Tully

Dear Mr. Collick:

Furthering my recent letter I thought it might be helpful if I suggested to you things you might do to protect your interests. So you understand, it is to our interest that you are insured and I want to help you by giving some advice regarding what you might want to check.

You said you had recently re-financed and now you have learned the insurance which you believed was cancelled apparently was in effect when the accident occurred.

I believe I was helpful in assisting you to look at that issue.

Next, you might find the Insurance Company will attempt to "disclaim" asserting you did not give them timely notice. By most policies of Insurance, it is necessary for the assured" to give notice of a claim usually within 30 days of the incident, or sooner. This is so the Insurance company might investigate the incident before the facts become lost in the mists of time but in this case I would suggest it would not have mattered. The steps, which we claim were the cause of the accident have been preserved and I have pictures of them soon after the accident. Further, the injury to Mr. Tully does not involve intricate issues for his injury was exacerbated by his diabetic condition.

Further, you went to counsel and they should have been astute enough to raise the issues I raised with you in my first conversation with you. If there is late notice, I suggest it might be laid at the feet of your own lawyer.

While no lawyer likes to criticize another lawyer, nonetheless, it is clear that my suggestion, even from someone on the opposing side of the case, was much more helpful to you than the acts of your own counsel. I have had substantial experience with claims

since I once worked for Insurance Companies and have also been dealing with claims and litigation for many years.

The mortgage company apparently arranged for the insurance and led you to believe the policy had been procured.  I hope that is correct but if you find it is not, please do not hesitate to call me so I may be of mutual benefit to us.

Sincerely,


Frank J. Marcone

FJM/sm

cc: Francis Tully

**EXHIBIT "E"**

*Frank J. Marcone, Esquire*
*Attorney at Law*
*2530 North Providence Road, Upper Providence, Pennsylvania 19063*

*Fax 484 442 8306*

484 442 8305

*federal practice only*
July 30, 2006

Anthony Collick
928 Clayton Street
New Castle, Delaware 19720

re: claim of Francis Tully

Dear Mr. Collick:

Thank you for your letter enclosing the September 11, 2004 notice from Ameriquest Mortgage Company confirming my suspicions that you appear to have insurance coverage and the claim by Mr. Tully should be covered, protecting your personal property.

I am pleased you followed through the way you did since it appears your own attorneys did not realize what I suggested to be true.

I wrote to Mr. Adam L. Elgart, Esquire, from whom I had received a letter in the origins of this case. In our discussion when you called me you suggested you had prepaid legal services and I suggest you approach your attorney to discuss with him protecting your interests since it is possible Ameriquest's arranged coverage may attempt to disclaim based upon late notice. That means since you did not notify the company of the claim, some policies provide an escape for the insurance company due to late notice.

In your case, it appears you were unaware of the possibility of insurance and there is a good cause for late notice. To protect your interests however, now that you know there is coverage, you must immediately seek to notify your carrier. This would be best accomplished by your attorneys.

If you wish to discuss this with me please feel free to call upon me as you already did.

Sincerely,

Frank J. Marcone
FJM/sm

cc: Francis Tully

**EXHIBIT "F"**

*Frank J. Marcone, Esquire*
*Attorney at Law*
*2530 North Providence Road, Upper Providence, Pennsylvania 19063*
*484 442 8305*                                                      *Fax 484 442 8306*
*federal practice only*

August 3, 2006

Anthony Collick
928 Clayton Street
New Castle, Delaware 19720

Dear Mr. Collick:

I received your telephone call today and understand you followed my suggestions and located the name and policy number of the insurance company. I understand the name of the company providing insurance is Travelers Ins. Co. which apparently is also known as Standard Fire Ins. Co.. The Policy Number is 09770063970633-1.

Due to the late notice I presume the company will respond asserting they wish to move forward under a "reservation of rights" which means they will be asserting they may have been prejudiced by the late notice and therefore under the provisions of notice in your policy they may try to disclaim coverage. I do not believe they will be prejudiced since there is nothing that happened to cause them irreparable injury. The investigation is straight forward since the steps remain exactly the same as they were when the accident occurred. The injury to Mr. Tully is documented by the medical and employment records so that even if they had investigated the accident when it occurred it would not be different than it now is.

Under ethical standards, if you are represented by an attorney, I am not able to directly correspond with you however if you are not, then I am able to do so.

We are sending you a copy of the Complaint which was filed and we are able to instruct you to whom the Complaint should be directed for response. I suggest you give a copy to your own attorney, if you are personally represented and make certain a copy is sent to the Insurance Company since they must provide you with an attorney who will take your insured interests and defend them. I am only concerned for us if they try to disclaim.

I will look forward to the next development.

Sincerely,

Frank J. Marcone
FJM/sm

# EXHIBIT "G"

EXHIBIT "H"

```
*************************************************************************
*                        TRANSACTION REPORT                            *
*                                              JUL-24-2006 MON 11:48 AM *
*                                                                       *
*    FOR:  DE TRANSIT CORP           302 577 2027                       *
*----------------------------------------------------------------------*
*  DATE  START    RECEIVER      TX TIME  PAGES TYPE     NOTE      M#  DP*
*----------------------------------------------------------------------*
*  JUL-24 11:48 AM 914844428306   33'43"   0  SEND      BUSY      959   *
*----------------------------------------------------------------------*
*                                     TOTAL :      OS  PAGES:  0        *
*************************************************************************
```

## *PACSIMILE MESSAGE*

Name: FRANK MARCONE, ESQUIRE

Organization: ATTORNEY AT LAW

Fax: # 484 - 442 - 8306

Phone: # 484 - 442 - 83 05

From: ANTHONY T. COLLICK

Date: 7/24/06

Subject: INSURANCE COVERAGE

Pages: 3 W/COVER

Comments: IT SEEMS I MAY HAVE HAD COVERAGE.

FROM MON. 7/24 UNTIL
TUES 7/25, I TRIED
FAXING THESE COPIES.
7 DIFFERENT TIMES.
YOUR FAX WAS BUSY
etc



**AMERIQUEST**
MORTGAGE COMPANY

P.O. Box 11056
Orange, CA 92856-8155
Phone (877) 389-3175 Fax (714) 973-3303

September 11, 2004

ANTHONY TYRONE COLLICK
928 CLAYTON ST
NEW CASTLE DE 19720

Loan Number: 0077211381
Coverage Amount: $ 129,000.00
Cancel Date     : 08/22/2004

Property: 928 CLAYTON ST
          NEW CASTLE DE 19720

Dear Customer:

Recently, we received a notice of cancellation for non-payment or non-renewal for the insurance policy that covers your property. As you know, sufficient insurance coverage is required to be in force at all times.

Please contact your insurance agent and request that reinstatement be sent to the above fax number or mailed to the above address. If you are changing insurance companies, please have your agent send a copy of your new policy to the above address. Your response is required within 21 days of the date of this letter to prevent the necessity of securing a lender placed policy.

If you have any questions regarding this notice please call our Insurance Center at (877) 389-3175.

Sincerely,

INSURANCE DEPARTMENT

PS004-07 · IL · FI

*Frank J. Marcone, Esquire*

*Attorney at Law*
*2530 North Providence Road*
*Upper Providence, Pennsylvania 19063*

(484) 442-8305                                                    *Fax* (484) 442-8306

*Federal Practice Only*

August 4, 2006


Anthony Collick
928 Clayton Street
New Castle, DE 19720


Re:    Francis Tully vs. Anthony Collick
       No: 06-cv-3413

Dear Mr. Collick:

Please be advised a civil action has been brought against you in the United States District Court for the Eastern District of Pennsylvania, being Francis Tully vs. Anthony Collick.    The number assigned to the case is 06-cv-3413.

I am enclosing the following pursuant to the Rules of Civil Procedure:

1)    Complaint;
2)    Notice of Lawsuit and Request for Waiver of Service of Summons;
3)    Two (2) copies of the Waiver;
4)    Duty to Avoid Unnecessary Costs of Service of Summons;
5)    Notice of Right to Consent to Exercise of Jurisdiction by a United States Magistrate Judge.
6)    A self addressed stamped envelope.

Please note the information contained in the Notice of Lawsuit and Request for Waiver of Service of Summons and the Waiver of Summons regarding the time in which an answer must be filed.

Anthony Collick
Re:   Francis Tully vs. Anthony Collick
August 4, 2006
Page -2-

_____

    I trust you will comply with these requirements and I strongly suggest that the enclosed are immediately forwarded to your solicitor and to the insurance carrier for response.

Very truly yours,

Frank J. Marcone

FJM:sm
enclosures
cc:   Francis Tully, w/enclosures

P.S. _Anthony_: I have spoken to your insurance co. They do not appear to attempt to disclaim. This is good news so if you forward this to your representative they should take care of it promptly.

**EXHIBIT "I"**