UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS TULLY,                         :
         Plaintiff,        :
                           :   C.A. No. 06-581 GMS
                           :
   v.                           :
                           :
                           :
ANTHONY COLLICK,                       :
         Defendant.        :

**JOINT STATUS REPORT OF THE PARTIES**

1.)     Jurisdiction and Service

      Plaintiff avers Jurisdiction is in both Pennsylvania as well as Delaware. This action began in the Eastern District of Pennsylvania based upon a Complaint asserting diversity jurisdiction. A copy of the Complaint was filed and served upon Anthony Collick at his residence in the State of Delaware. Francis Tully is a resident of Pennsylvania and both parties live so close to the State line that it is suggested both parties do business in either State so as to be able to engage each State's "Long Arm Statute", thereby providing in personam jurisdiction in either Delaware or Pennsylvania.

      As to Mr. Collick, once the notice of a claim was made and delivered to Mr. Collick, he contacted Plaintiff's counsel explaining he had no knowledge of any insurance policy by which his liabiltiy might be defended. Plaintiff's counsel's office is in Pennsylvania and Mr. Collick engaged Plaintiff's counsel to assist him in locating a viable insurance policy. In the discussions with Mr. Collick, he provided certain information whereby Plaintiff's counsel, in behalf of Mr. Collick, investigated the probability of coverage which had come into effect as a result of Collick re-financing his home. Plaintiff's counsel was requested by Mr. Collick to assist him and after communications between counsel and Mr. Collick, including letters, counsel located an active policy of insurance as is evidenced by the present defense being made by an insurance company.

      The Plaintiff has filed a Motion to reinstate this case which was granted. The issues in that Motion also included a response to the issue of the Statute of Limitations raised by the Defense.

      The Defense has cited a Third Circuit case which addressed New Jersey law wherein the New Jersey courts refuse to credit a suit begun in Federal Court with tolling a statute of limitations simply because New Jersey refuses to toll the statute if suit began in a jurisdiction where there is no in personam jurisdiction.

      The Plaintiff Francis Tully has responded that even if Delaware law mirrored New Jersey law, this Plaintiff has illustrated that the actions of Mr. Collick have evidenced him "doing business" in Pennsylvania and thereby subjecting himself under the "long arm statute" of Pennsylvania to in

personam jurisdiction in the United States Federal District Court for the Eastern District of Pennsylvania.

Therefore, according to Plaintiff, both Jurisdiction and Service are a settled issue.

Defendant Collick contends that this Court does not have personal jurisdiction to consider the instant claim. On October 30, 2006, Defendant filed a Motion to Dismiss with this Honorable Court based on Plaintiff's failure to timely file his complaint until after the expiration of the two-year statute of limitations provision as set forth in 10 *Del. C.* § 8119. By way of background, Plaintiff originally filed the matter in the United States District Court for the Eastern District of Pennsylvania. On or about September 11, 2006, Judge Giles ruled that the Eastern District had no personal jurisdiction over the matter and transferred the case to the District of Delaware. Defendant filed his Motion to Dismiss based on the holding set forth in Barber Young, Personal Representative of the Estate of James Young v. Clantech, Inc., 863 F.2d 300 (3rd Cir. 1988) but cf. Leavy v. Saunders, 319 A.2d 44 (Del. Super. 1974).

Should the Court deny Defendant's outstanding Motion to Dismiss, Defendant offers no objections to subject matter jurisdiction resting with this forum.

2).   <u>Substance of the Action</u>

Francis Tully was invited to the Collick residence when Mr. Collick telephoned Sears service center in Pennsylvania (Once again doing business in Pennsylvania.) and requested that Tully bring samples of replacement windows to the Collick home for the purposes of providing Collick the opportunity to purchase replacement windows offered by Sears.

Tully went to the home and after confirming the residence, he retreated to his car to procure the sample window cases. When he returned to the Collick front door, he was attempting to climb the three stone stairs leading into the home and when he was faced with the climb, he was caused to fall due to the uneven steps; the canting of the upper step and the fact the steps were not to code. He fell and suffered a catastrophic injury to his leg.

The injury consisted of a severe gash in the skin compromised by Tully's diabetic condition. He was immediately rushed to the Hospital where his wound was sutured and this began a long period of disability and convalescence. He was provided workmans' compensation and there is a large subrogation claim by Liberty Mutual Insurance Company for the expense incurred thereby.

He was treated on August 6, 2004 and his discharge summary described his wound as a complicated laceration of the calf.requiring sutures and due to the complications was subject to a high risk of infection. He was placed on antibiotics and instructed to return for further treatment and care.

He was provided with workmens' compensation apparently in the amount of $17,642.80 resulting from weekly payments of $504.08. Liberty Mutual has assigned the subrogation interests to this case for collection. the medical care expenses total $7,481.05. When he fell, aside from the

leg wound, Tully suffered a laceration to his scalp also requiring both sutures and subsequent follow up. X-rays and other diagnostic services were provided by Christiana Care.

A more specific itemization will be provided after this status report.

Factually, Defendant has no general disagreement with Plaintiff's factual rendition of the matter. Defendant contends that its defense is three-fold: under the Delaware Guest Premises Statute, 25 Del. C. § 1501, Plaintiff was a licensee at the time of the injury and that the facts will not support a cause of action in the instant matter; Defendant had notice of any apparent defective condition on its premises necessary to support an allegation of negligence; and, Plaintiff's comparative negligence in the case is greater than Defendant's, thus, any recovery should be precluded. Defendant raises these defenses insofar as Plaintiff fell on the second or third trip up the stairway that day. The stairs were located outside the front of the residence, in plain view, and were not obstructed. Moreover, Plaintiff offers no evidence to suggest or infer that Defendant knew of a dangerous condition on his property and/or failed to either provide warning or remedy the situation.. Thus, absent any factual basis showing otherwise, Defendant contends that Plaintiff cannot provide the proper factual showing necessary to bring a negligence claim under Delaware law.

3).    Identification of Issues

a. The defense has raised the issue resulting from title 25, § 1501 of the Delaware code, ( Liability of owners or occupiers of land for injury to guests or trespassers.) which limits a claim of this nature to a business invitee appears to permit a claim brought by Mr. Tully who was invited to enter onto the property for business purposes.

b. Whether the condition of the steps at the Collick property were the cause of the injury.

Other than the outstanding Motion to Dismiss, Defendant contends that the main legal issues prevalent in this case are Delaware's Guest Premises Statute as set forth in 25 Del. C. § 1501, the issue of duty under Delaware tort law, and the degree of comparative negligence as applied to Plaintiff.

4).    Narrowing of Issues

The parties believe some of the legal issues should be resolved prior to trial. Defendant also believes that a motion for summary judgment will be filed at the conclusion of discovery, if not sooner. If the matter survives summary judgment, the question of comparative negligence and/or duty will be a jury question.

5).    Relief

Defendant has not yet received a demand in this case although one is forthcoming shortly.

6). <u>Amendment to Pleadings</u>

The parties do not anticipate any amendments.

7). <u>Joinder of Parties</u>

The parties do not anticipate any joinder of additional parties.

8). <u>Discovery</u>

The parties are in the process of scheduling depositions of the respective parties. Formal discovery should issue at or before the scheduling conference.

9. <u>Estimated trial length</u> - 2 days

10. <u>Jury trial</u> - yes

11. <u>Settlement</u> - The Plaintiff is preparing a demand letter. Once Plaintiff believes once a settlement demand is made and responded to it may be advisable to conduct a settlement conference. It appears this matter is proper for ADR.

12. The defense is amenable to having the matter heard by a Magistrate Judge of the District Court for the District of Delaware.

13. The parties have cooperated and have both participated in the presentation of this document.


/s/ Frank J. Marcone
Frank J. Marcone, Esquire
pro hac vice counsel for the
Plaintiff

/s/ *Michael L. Ripple*
Michael L. Ripple, I.D. #3993
1001 N. Jefferson St., Suite 202
Wilmington, DE 19801
(302) 652-3611
Mripple@regerlaw.com
Attorney for Defendant Collick